**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SHMUEL LEVY, Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JASON LUO, JAMES TAYLOR, ALBERT LI, MARSHALL KIEV, DAVID BORIS, and BDO USA, LLP, <br><br> Defendants. | C.A. No. 23-cv-00653-GBW |

**DEFENDANT ALBERT LI'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT**

Defendant Albert Li ("Li") respectfully makes this submission in support of his motion to dismiss with prejudice all claims asserted against him in the Amended Class Action Complaint ("the Amended Complaint") filed by plaintiffs Shmuel Levy, Isidore H. Mayrock, Izac Ben-Shmuel and Robert Green (collectively, the "Plaintiffs").

Li served as the Chief Financial Officer ("CFO") and Treasurer of Electric Last Mile, Inc. ("ELM") prior to its merger (the "Merger") with and into Forum Merger III Corp. ("FIII"), a special purpose acquisition company, to form Electric Last Mile Solutions, Inc. ("ELMS"). The Merger closed on June 25, 2021. Li then served as ELM's CFO and Treasurer until November 2021.

After ELMS filed for bankruptcy protection, Plaintiffs commenced a putative class action lawsuit purportedly on behalf of a class of investors who purchased ELMS common stock through a private investment in public equity in connection with the merger. In the Amended Complaint,

Plaintiffs assert that Li and others violated the federal securities laws by purportedly failing to report certain pre-merger equity transactions as a compensation expense of ELM.

In addition to Li, the defendants named by Plaintiffs' Amended Complaint includes, *inter alios*: (i) James Taylor ("Taylor"), co-founder and chief executive officer of ELM who, post-Merger, served as ELMS's chief executive officer ("CEO") and member of ELMS' Board until February 1, 2022; (ii) David Boris ("Boris"), co-CEO and CFO of FIII and member of FIII's Board who, post-Merger, served on ELMS' Board; (iii) Marshall Kiev ("Kiev"), co-CEO and President and member of FIII's Board who, post-Merger, served on ELMS's Board; and (iv) BDO USA, LLP ("BDO")—a professional services firm that provides accounting, tax, and consulting services—whom audited ELM's financial statements from August 20, 2020 (ELM's inception) to December 31, 2020, becoming the auditor of ELMS following the Merger.

Taylor moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 8(a), 9(b) and 12(b)(6) and Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(2). Taylor filed a brief in support of his motion to dismiss (the "Taylor OB"). Boris and Kiev also move to dismiss the Amended Complaint pursuant to Rules 9(b), 12(b)(1), 12(b)(6), and the PSLRA. Boris and Kiev filed a brief in support of their motion to dismiss (the "Boris-Kiev OB").

The alleged violations of Sections 10(b) and 20(a) and Rule 10b-5 of the 1934 Securities Exchange Act (the "Exchange Act") are common among Li, Taylor, Boris, and Kiev. Accordingly, for reasons of efficiency and as set forth more fully herein, Li joins the Taylor OB as to the Nature and Stage of the Proceedings, Summary of the Argument, and Arguments I and II, and adopts and incorporates the contents thereof, as applicable to Li; and Li joins the Boris-Kiev OB as to the

Summary of Argument and Arguments I through III, and adopts and incorporates the contents thereof, as applicable to Li.

The Court should dismiss Count I for violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b–5(b), with prejudice as to Li. Plaintiffs have not adequately alleged that Li made an actionable misstatement or omission. Li was not the "maker" of any alleged misrepresentation—he merely signed the Registration Statement and took no part in the issuance of the Proxy Statement, where most of the alleged misstatements were contained. Moreover, Plaintiffs fail to alleged with the requisite particularity any facts that give rise to scienter because, while Li did not personally consult with BDO regarding the accounting treatment of the share-based transactions, he, along with Taylor, Boris, and Kiev, relied on the fact that BDO—a prominent global audit firm—gave ELM a clean audit opinion, necessarily blessing the accounting treatment of the Merger transactions.

The Court should also dismiss Count II for violation of Section 20(b) of the Exchange Act with prejudice as to Li because Plaintiffs have not adequately alleged a primary violation, that Li controlled either FIII or ELM, or that Li culpably participated in any alleged misstatements by a controlled person.

WHEREFORE, for the foregoing reasons, and as set forth more fully in the Taylor OB, which Li joins as to the Nature and Stage of the Proceedings, Summary of the Argument, and Arguments I and II, and adopts and incorporates the contents thereof, and as set forth more fully in the Boris-Kiev OB, which Li joins as to the as to the Summary of Argument and Arguments I through III, and adopts and incorporates the contents thereof, Li respectfully requests entry of an Order dismissing him from this action with prejudice.

**BERGER MCDERMOTT LLP**

*Of Counsel*:

/s/ Michael W. McDermott
Michael W. McDermott (No. 4434)
Peter C. McGivney (No. 5779)

**BRENNAN, MANNA & DIAMOND LLC**
Zachary J. Schnapp (No. 6914)
Marlon A. Primes (*pro hac pending*)
1105 N. Market Street, 11th Floor
200 Public Square, Suite 1850
Wilmington, Delaware 19801
Cleveland, Ohio 44114
(302) 655-1140 telephone
maprimes@bmdllc.com
(302) 655-1131 facsimile
mmcdermott@bergermcdermott.com
pmcgivney@bergermcdermott.com
zschnapp@bergermcdermott.com

Dated: January 12, 2024
Wilmington, Delaware

*Attorneys for Defendant Albert Li*

4