## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHMUEL LEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>JASON LUO, JAMES TAYLOR, ALBERT LI, MARSHALL KIEV, DAVID BORIS, and BDO USA, LLP,<br><br>       Defendants. | Civil Action No. 1:23-cv-00653-GBW<br><br><br>CLASS ACTION |

## DEFENDANT ALBERT LI'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

**BERGER MCDERMOTT LLP**

*Of Counsel*:

**BRENNAN, MANNA & DIAMOND LLC**
Marlon A. Primes (*pro hac vice*)
200 Public Square, Suite 1850
Cleveland, Ohio 44114
(216) 306-3047
maprimes@bmdllc.com

Michael W. McDermott (No. 4434)
Peter C. McGivney (No. 5779)
Zachary J. Schnapp (No. 6914)
1105 N. Market Street, 11th Floor
Wilmington, Delaware 19801
(302) 655-1140 telephone
(302) 655-1131 facsimile
mmcdermott@bergermcdermott.com
pmcgivney@bergermcdermott.com
zschnapp@bergermcdermott.com

Dated: April 11, 2024

*Attorneys for Defendant Albert Li*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................2

I.  PLAINTIFFS FAIL TO ADEQUATELY PLEAD THAT LI MADE MATERIAL MISREPRESENTATIONS AND OMISSIONS IN CONNECTION WITH ELM FINANCIAL STATEMENTS .......................................................................................2

II.  PLAINTIFFS' AMENDED COMPLAINT AND SUBSEQUENT BRIEF IN OPPOSITION FAIL TO ADEQUATELY ALLEGE THAT LI ALLEGEDLY MADE THE MISREPRESENTATIONS AND OMISSIONS WITH SCIENTER ........................4

III.  PLAINTIFFS' SECTION 20(A) CLAIM AGAINST LI SHOULD BE DISMISSED WITH PREJUDICE BECAUSE LI WAS NOT A "CONTROL PERSON" .................................6

CONCLUSION.......................................................................................................................7

i

# TABLE OF AUTHORITIES

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*,
    532 F. Supp. 3d 189 (E.D. Pa. 2021) ............................................................................4, 5

*City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*,
    70 F.4th 668 (3d Cir. 2023) ...................................................................................................3

*In re Advance Auto Parts, Inc. Sec. Litig.*,
    2020 WL 599543 (D. Del. Feb. 7, 2020) .............................................................................6

*In re Bristol Myers Squibb Co., Securities Litigation*,
    586 F. Supp. 2d 148 (S.D.N.Y 2008)....................................................................................4

*In re Suprema Specialties, Inc. Sec. Litig.*,
    438 F.3d 256 (3d Cir. 2006)....................................................................................................6

*Institutional Invs. Grp. v. Avaya, Inc.*,
    564 F.3d 242 (3d Cir. 2009)................................................................................................3, 4

*Janus Capital Group, Inc.* v. *First Deriv. Traders*,
    564 U.S. 135 (2011)....................................................................................................................2

*Roofer's Pension Fund v. Papa*,
    2018 WL 3601229 (D.N.J. July 27, 2018)......................................................................4, 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).....................................................................................................................5

*Washtenaw County Employees' Retirement System* v. *Walgreen Co.*,
    2019 WL 4597518 (N.D. Ill. Sept. 23, 2019) .................................................................3

Defendant Albert Li ("Li") respectfully submits this reply brief in further support of his motion to dismiss the Complaint with prejudice.

## PRELIMINARY STATEMENT

Li has demonstrated and maintains that Plaintiffs have not plead a viable claim against him under either Section 10(b) or Section 20(a) of the Exchange Act. In fact, Plaintiffs essentially refused to plead any cause of action with requisite specificity as pertaining to Li.

With respect to the allegations that Li was the "maker" of the allegedly false or misleading statements, Plaintiffs' basis for their allegation can be summarized as resting on the undisputed fact that Li was a member of ELM's management team, and that ELM purportedly supplied the allegedly false information to FIII for inclusion in the Proxy Statement to mislead investors. Plaintiffs fail to adequately support their argument and have cited case law containing holdings contrary to their position in this case. In addition to Plaintiffs' failure to adequately specify how Li "made" false or misrepresentative statements, merely alleging that statements and information were supplied by ELM's management is too broad and general to render any specific member of management liable under *Janus* absent specific attribution.

Plaintiffs rely on generic and non-specific allegations to bolster their claim that Li acted with scienter when allegedly "making" false and misleading statements in connection with ELM's merger with FIII. Plaintiffs' allegations are insufficient to raise a strong inference of scienter as a matter of law because there is no evidence of Li's intent to mislead investors, mask violations of federal securities laws, or obtain a pecuniary benefit on the back of this transaction. Furthermore, Li should be protected by the fact that an independent auditor's opinion raises a strong inference that any errors were not so obvious that their publication indicates an intent to defraud investors.

1

Finally, Plaintiffs have again failed to plead with specificity that Li was a control person of ELM at the time the alleged misstatements and omissions were made and, therefore, Plaintiffs' Section 20(a) claims should be dismissed.

## ARGUMENT

The Court should dismiss Count I for violation of Section \) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b–5(b), with prejudice as to Li.  Plaintiffs have not adequately alleged that Li made an actionable misstatement or omission. Li was not the "maker" of any alleged misrepresentation—he merely signed the Registration Statement and took no part in the issuance of the Proxy Statement, where most of the alleged misstatements were contained.  Moreover, Plaintiffs fail to allege with the requisite particularity any facts that give rise to scienter.

The Court should also dismiss Count II for violation of Section 20(b) of the Exchange Act with prejudice as to Li because Plaintiffs have not adequately alleged a primary violation, that Li controlled either FIII or ELM, or that Li culpably participated in any alleged misstatements by a controlled person.

**I.**     **Plaintiffs Fail to Adequately Plead that Li Made Material Misrepresentations and Omissions in Connection with ELM Financial Statements.**

Plaintiffs once again promote a misguided attempt to convince this Court that Li "made" any alleged misstatements within the meaning of *Janus Capital Group, Inc.* v. *First Deriv. Traders*, 564 U.S. 135, 142 (2011).  Because there are no well-pleaded allegations that Li had any authority as a CFO, much less the "ultimate authority" over the challenged statements as required, none of ELM's statements are attributable to him individually.  Plaintiffs further attempt to show that Li's engagement with ELM as a part of their management is sufficient to show that he can be a "maker" of a statement is erroneous.

2

Similar to Plaintiffs' Amended Complaint (D.I. 23), Plaintiffs' Brief in Opposition fails to adequately mention Li as making or promulgating any material misrepresentation(s) or omission(s) in connection with the publication of ELMS' financial statements, all while maintaining that their Amended Complaint is plead with specificity as required by *City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 680 (3d Cir. 2023). "To plead falsity, a complaint must allege 'the who, what, when, where and how' of the misstatements at issue, identifying 'each statement alleged to have been misleading' and specifying 'the reason or reasons why the statement is misleading.'" D.I. 23 (*citing Institutional Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 259 (3d Cir. 2009)). Plaintiffs never directly state in their Amended Complaint that Li was a maker of the alleged misrepresentations and fail to do so again in their Brief in Opposition (D.I. 51 "O.B."). Moreover, Plaintiffs generally fail to cite case law applicable to Li's situation and cannot attribute any statement made by the company onto Li as an individual solely based off of his participation in the company.

Further, and as mentioned in Defendant Luo's Brief in Support, in *Washtenaw County Employees' Retirement System* v. *Walgreen Co.*, 2019 WL 4597518 (N.D. Ill. Sept. 23, 2019), on which Plaintiffs rely (B.O. 22), the Court refused to attribute a statement made by *the corporation* to an officer, absent specific identification of the officer as a speaker: "the statement that 'Walgreens' did not back away from the FY16 EBIT target is too broad to create any inference that this statement should be attributed to [the individual officer]." *Id.* at *5. The same logic applies here. The very document Plaintiffs rely on to argue that Li was a member of ELM management also identifies four other individuals not named as defendants who were also members of ELM management. (D.I. 52, Ex. A at 210-11). If any statement or assertion made by a member of ELM's management is attributable to all defendants, it would be proper to join those

3

defendants in this proceeding as well.  Even if a statement made by the corporation was attributable to an officer, Plaintiffs have gone so far as to recognize that simply signing an SEC filing is insufficient to confer maker status by citing case law in support of this proposition.  *See Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 532 F. Supp. 3d 189, 231 (E.D. Pa. 2021) (dismissing claim against company's president and CFO, who were alleged only to have signed the 10K).

Finally, Plaintiffs reliance on *In re Bristol Myers Squibb Co., Securities Litigation* as a persuasive opinion is inapplicable because the court in *Bristol* concluded that the two defendants "[were] adequately alleged to be culpable participants" *and* they affirmatively blamed each other for making the misrepresentative statements.  586 F. Supp. 2d 148, 171–72 (S.D.N.Y 2008).  Here, there is no such factual situation.  No other defendant is placing blame on Li for being the maker of the alleged misrepresentations, and Li is placing no blame on the other defendants.

Therefore, because Plaintiffs did not specifically attribute ELM's statements onto Li as the sole offeror as opposed to other members of the management group, Plaintiffs do not have standing and this claim cannot survive as plead.

## II.    Plaintiffs' Amended Complaint and Subsequent Brief in Opposition Fail to Adequately Allege that Li Allegedly Made the Misrepresentations and Omissions with Scienter.

To adequately plead scienter, the Third Circuit requires plaintiffs to allege facts giving rise to a "strong inference" of "either reckless or conscious behavior" that serves to "deceive, manipulate, or defraud."  *See Avaya*, 564 F.3d at 252, 276.  As Plaintiffs admit, they "***must sufficiently plead defendants' knowledge of facts or access to information*** contradicting their public statements."  (O.B. at 27 (quoting *Roofer's Pension Fund v. Papa*, 2018 WL 3601229, at *20 (D.N.J. July 27, 2018) (emphasis added)).  Effectively, *Papa* requires the defendants to either know or should know that they were misrepresenting material facts.  It is not enough to simply allege that a defendant "must have known" something because of his position in the

4

company.  *Alleghany*, 532 F. Supp.3d at 228.  Plaintiffs' burden is not met through the fixation on individual facts as applicable to an individual person; the standard is whether all of the facts alleged, when taken collectively, give rise to the strong inference of scienter.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).  When viewing all facts cumulatively, Plaintiffs have failed to adequately support their pleading that the defendants had knowledge of facts contradicting their public statements.

Plaintiffs contend that the audit processes provided by BDO USA, LLP are essentially irrelevant in determining whether Li, Luo, and Taylor acted with scienter when allegedly making false or misleading statements.  It is well settled that an independent auditor's opinion "raises a strong inference that any 'errors were not so obvious that their publication indicates an intent to defraud investors.'"  *Papa*, 2018 WL 3601229, at *19 (citation omitted).  ELM's management properly relied on BDO's independent audits and opinions when promulgating the Proxy Statement, and this reliance should be viewed by this Court as a strong inference *against* the determination that Li had scienter with respect to any allegedly false or misleading statements made by ELM.

Plaintiffs also fail to plead "personal financial motives" against Li that would be sufficient to impart an inference of scienter on Li as related to the alleged misrepresentations.  Unlike the other defendants in this case, Li stood to receive no payout from the Merger, simply retaining his position as the CFO – a neutral action.

When viewing the facts collectively, rather than individually applied to Li, the most compelling inference from Plaintiffs' allegations Li cannot be found to have participated in the allegedly fraudulent action because (i) his signature on the Proxy Statement does not impart

liability, (ii) there was no reason to second guess BDO's clean audit opinion, and (iii) Li did not stand in a position to benefit financially or professionally from the Merger.

### III.    Plaintiffs' Section 20(a) Claim Against Li Should be Dismissed with Prejudice Because Li was not a "Control Person."

Plaintiffs have again failed to plead with specificity that Li was a control person of ELM at the time the alleged misstatements and omissions were made and, therefore, Plaintiffs' Section 20(a) claims should be dismissed.

The Amended Complaint pleads the elements of Section 20(a) liability and the O.B. restates those elements on page 49: "(1) a primary violation of the securities laws, (2) a showing that the defendant controlled another person or entity, and (3) that the defendant was a culpable participant in the conduct." O.B. at p. 49 (citing *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 284 n.16 (3d Cir. 2006)). Curiously, Plaintiffs' only allegations in support of the proposition that Li possessed and/or maintained "control" over the company are that Li: (i) participated in negotiations related to the letter of intent and Merger, and (ii) signed the Proxy Statement. Plaintiffs cannot establish that Li promulgated any false or misleading statement in violation of federal securities laws, and resort to blindly attributing the ability to control ELM's financial statements to Li as opposed to simply engaging in merger discussions as ELM's CFO. *In re Advance Auto Parts, Inc. Sec. Litig.*, 2020 WL 599543, at *10 (D. Del. Feb. 7, 2020) (dismissing Section 20(a) claim where plaintiff failed to allege the defendants "controlled the drafting or publishing of the [statements] at issue, or that [they] reviewed or signed them before publication").

Therefore, Plaintiffs' Section 20(a) claim against Li should be dismissed with prejudice because Li was not a "control person."

## CONCLUSION

For the reasons stated above and in the opening brief, Defendant Albert Li respectfully requests that this Court dismiss all claims against him in the above-captioned action with prejudice.

**BERGER MCDERMOTT LLP**

*/s/ Michael W. McDermott*

*Of Counsel*:

**BRENNAN, MANNA & DIAMOND LLC**
Marlon A. Primes (*pro hac vice*)
200 Public Square, Suite 1850
Cleveland, Ohio 44114
(216) 306-3047
maprimes@bmdllc.com

Michael W. McDermott (No. 4434)
Peter C. McGivney (No. 5779)
Zachary J. Schnapp (No. 6914)
1105 N. Market Street, 11th Floor
Wilmington, Delaware 19801
(302) 655-1140 telephone
(302) 655-1131 facsimile
mmcdermott@bergermcdermott.com
pmcgivney@bergermcdermott.com
zschnapp@bergermcdermott.com

Dated: April 11, 2024

*Attorneys for Defendant Albert Li*

7