**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SHMUEL LEVY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> JASON LUO, JAMES TAYLOR, ALBERT LI, MARSHALL KIEV, DAVID BORIS, and BDO USA, LLP, <br><br> Defendants. | Civil Action No. 1:23-cv-00653 (GBW) <br><br> <u>CLASS ACTION</u> <br><br><br><br><br><br><br><br><br><br> <u>DEMAND FOR JURY TRIAL</u> |

**DEFENDANT JASON LUO'S REPLY BRIEF IN FURTHER SUPPORT OF HIS**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

OF COUNSEL:

Andrew J. Ehrlich
Gregory F. Laufer
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
aehrlich@paulweiss.com
glaufer@paulweiss.com

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
    Matthew D. Stachel (No. 5419)
    1313 N. Market Street, Suite 806
    Post Office Box 32
    Wilmington, DE 19899-0032
    Tel.: (302) 655-4410
    mstachel@paulweiss.com

*Attorneys for Defendant Jason Luo*

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT..................................................................................................1

ARGUMENT.......................................................................................................................2

I.     Plaintiffs' Brief Confirms Their Failure to Plausibly Plead a Materially False or Misleading Statement by Luo. ...............................................................................2

     A.     Plaintiffs Failed to Plead Falsity as to the 2020 Equity Transactions and Statements about Luo's and ELM Executives' Experience...............................2

     B.     Plaintiffs Further Cannot Plead Falsity Because the Accounting Judgments Are Non-Actionable Statements of Opinion. .......................................................4

II.     Plaintiffs' Answering Brief Fails to Cure Their Failure to Plead Luo Made Any of the Alleged Misstatements or Omissions........................................................5

III.     Plaintiffs Do Not Dispute That the Complaint Failed to Plead a Claim for Scheme Liability as to Luo and Have Thus Abandoned That Claim. ..........................................7

IV.     Plaintiffs Failed to Plead a Strong Inference of Scienter as to Luo.................................8

     A.     Plaintiffs Inaccurately Claim Luo Had Information Contrary the Disclosures.................................................................................................8

     B.     Plaintiffs' General Motive and Opportunity Allegations Remain Insufficient. .............................................................................................9

V.     Plaintiffs Cannot Salvage Their Defective Section 20(a) Claim against Luo. ...............10

CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Advance Auto Parts, Inc. Sec. Litig.*,
2020 WL 599543 (D. Del. Feb. 7, 2020)..................................................................... 10

*Alleghany Cnty. Emps.' Ret. Sys.* v. *Energy Transfer LP*,
532 F. Supp. 3d 189 (E.D. Pa. 2021)......................................................................... 8

*In re Bio-Tech. Gen. Corp. Sec. Litig.*,
380 F. Supp. 2d 574 (D.N.J. 2005) ........................................................................... 3

*Blakeman* v. *Freedom Rides, Inc.*,
2013 WL 3503165 (D. Del. July 10, 2013) .............................................................. 8

*In re Bristol Myers Squibb Co., Securities Litigation*,
586 F. Supp. 2d 148 (S.D.N.Y 2008) ....................................................................... 7

*SEC* v. *Brown*,
878 F. Supp. 2d 109 (D.D.C. 2012) .......................................................................... 7

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) .................................................................................... 3

*City of Warren Police & Fire Retirement System* v. *Prudential Financial, Inc.*,
70 F.4th 668 (3d. Cir. 2023)...................................................................................... 6

*Delaware County Employees Retirement System* v. *AdaptHealth Corp.*,
606 F. Supp. 3d 124 (E.D. Pa. 2022)......................................................................... 4

*In re Digital Island Sec. Litig.*,
223 F. Supp. 2d 546 (D. Del. 2002)........................................................................... 10

*Fresno Cnty. Emps.' Ret. Ass'n* v. *comScore, Inc.*,
268 F. Supp. 3d 526 (S.D.N.Y. 2017) ....................................................................... 3

*In re Great Atlantic &  Pacific Tea Co., Inc. Securities Litigation*,
103 F. App'x 465 (3d Cir. 2004)................................................................................ 9

*In re Hertz Glob. Holdings, Inc. Sec. Litig.*,
2017 WL 1536223 (D.N.J. Apr. 27, 2017), *aff'd sub nom.*
*In re Hertz Glob. Holdings Inc*, 905 F.3d 106 (3d Cir. 2018)................................ 4

*Janus Capital Group, Inc.* v. *First Deriv. Traders*,
564 U.S. 135 (2011)................................................................................................... 5

*JPMorgan Chase Bank, N.A.* v. *Javice*,
   2023 WL 4546409 (D. Del. July 13, 2023) ......................................................................... 6

*SEC* v. *Kearns*,
   691 F. Supp. 2d 601 (D.N.J. 2010) ...................................................................................... 4

*Mallozzi* v. *Innovative Indus. Props., Inc.*,
   2023 WL 6121499 (D.N.J. Sept. 19, 2023) ......................................................................... 5

*McCullough* v. *Advest*,
   754 F. App'x 109 (3d Cir. 2018) ........................................................................................ 9

*In re Merck & Co., Inc. Sec., Deriv. & ERISA Litig.*,
   2011 WL 3444199 (D.N.J. Aug. 8, 2011) ............................................................................ 6

*Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90* v. *Intercept Pharms., Inc.*,
   2022 WL 837114 (S.D.N.Y. Mar. 21, 2022) ....................................................................... 3

*Roofer's Pension Fund* v. *Papa*,
   2018 WL 3601229 (D.N.J. July 27, 2018) ....................................................................... 5, 8

*Shaw* v. *New Castle Cnty.*,
   2021 WL 4125648 (D. Del. Sept. 9, 2021) .......................................................................... 8

*Snowstorm Acquisition Corp.* v. *Tecumseh Prods. Co.*,
   739 F. Supp. 2d 686 (D. Del. 2010) .................................................................................... 9

*Vosgerichian* v. *Commodore Int'l*,
   862 F. Supp. 1371 (E.D. Pa. 1994) ..................................................................................... 3

*Washtenaw County Employees' Retirement System* v. *Walgreen Co.*,
   2019 WL 4597518 (N.D. Ill. Sept. 23, 2019) ..................................................................... 6

*Werner* v. *Werner*,
   267 F.3d 288 (3d Cir. 2001) ................................................................................................ 2

*SEC* v. *Winemaster*,
   529 F. Supp. 3d 880 (N.D. Ill. 2021) .................................................................................. 3

iii

## SUMMARY OF ARGUMENT

Defendant Jason Luo's opening brief (D.I. 45, "OB") showed that the Complaint (D.I. 23, or "¶") should be dismissed with prejudice as to him because Plaintiffs failed to plead plausible Section 10(b) or 20(a) claims against him. Plaintiffs' answering brief (D.I 51, "AB") only underscores Plaintiffs' pleading failures and provides no basis, or request, for leave to replead.

*First*, Plaintiffs' brief does not rescue the Complaint's failure to plead falsity. Plaintiffs fail to plead a materially false or misleading statement concerning the 2020 Equity Transactions. To the extent Plaintiffs allege that Forum III's SEC filings were false because they failed to disclose information about the transactions, the November transaction was fully, clearly and repeatedly disclosed in multiple SEC filings. Key information concerning the December transaction was also disclosed. And to the extent that Plaintiffs claim the statements made in the disclosures were factually wrong, the law clearly provides that the accounting treatment of these transactions involved the subjective, professional accounting judgment that courts consistently find constitute a statement of opinion, and the Complaint fails to allege that the treatment was "objectively false" or "not genuinely believed," as required by *Omnicare*. And Plaintiffs' attempts to spin laudatory statements about ELM's executives' experience into false statements also fail: these statements were, and remain, accurate, had nothing to do with the disputed transactions, and ultimately constitute, at most, non-actionable puffery.

*Second*, Plaintiffs' brief confirms their Complaint's basis for alleging that Luo "made" the challenged statements is the claim that he was a member of ELM's management, and that ELM purportedly supplied allegedly false information to FIII for inclusion in the Proxy Statement. But as the case law Plaintiffs themselves rely on makes clear, merely alleging that statements and information were supplied by ELM and ELM's management is too broad and general to render a specific member of management liable under *Janus* absent specific attribution to him lacking here.

1

*Third*, Plaintiffs' brief does not dispute that the Complaint fails to plead a scheme liability claim as to Luo. Under well-settled law, that claim is deemed abandoned and should be dismissed.

*Fourth*, Plaintiffs' brief does not refute the Complaint's failure to allege facts giving rise to a strong inference that Luo acted with scienter. Luo's knowledge of ELMS's estimated post-merger enterprise value and participation in the merger negotiations and the 2020 Equity Transactions generally cannot plead that Luo was involved in promulgating allegedly false statements in the Proxy, much less involved with the requisite scienter.

*Finally*, Plaintiffs' Section 20(a) claims should also be dismissed. Plaintiffs do not dispute that Luo is not a control person of ELMS or FIII for purposes of FIII's pre-Merger statements—thus abandoning the claim. As to ELM, Plaintiffs fail to plead an underlying claim and that Luo culpably participated in any statements by ELM, each of which is sufficient to require dismissal of the claim as to Luo.

## ARGUMENT

**I.    Plaintiffs' Brief Confirms Their Failure to Plausibly Plead a Materially False or Misleading Statement by Luo.**

**A.    Plaintiffs Failed to Plead Falsity as to the 2020 Equity Transactions and Statements about Luo's and ELM Executives' Experience.**

Plaintiffs have failed to plead falsity as to the 2020 Equity Transactions. As Luo showed, the November 2020 Equity Transaction was fully disclosed in multiple SEC filings. OB 8; ¶ 58. These disclosures were located in the same section of the filings (the Related Party Transactions section) and clearly stated the date of the transaction, the number of shares involved, the price of the transaction, and the fact that the transactions involved the issuance of shares by ELM to Luo and Taylor. *Id.* Plaintiffs contend these disclosures were buried. AB 17. Not so. The buried facts doctrine does not apply where, as here, the information was not "hidden in a voluminous document" or "disclosed in a piecemeal fashion." *Werner* v. *Werner*, 267 F.3d 288, 298 (3d Cir.

2

2001); *see Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90* v. *Intercept Pharms.*, Inc., 2022 WL 837114, at *18 (S.D.N.Y. Mar. 21, 2022) (finding that "information in the middle of a quarterly report" was not buried, as every fact cannot be in the beginning of a filing and the information was "set out logically under appropriate headings, alongside related information"); *Vosgerichian* v. *Commodore Int'l*, 862 F. Supp. 1371, 1376–77 (E.D. Pa. 1994) (holding that, even if accounting treatment violated GAAP, error was immaterial because all relevant information about the transaction was disclosed).

The December 2020 Equity Transaction, aspects of which were also disclosed in public filings, OB 8, would not have been material to a reasonable investor—as investors were made fully aware of the similar, but much larger November 2020 transaction, and still proceeded with their investments. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1427 (3d Cir. 1997) ("Where the data alleged to have been omitted would have had no more than a negligible impact on a reasonable investor's prediction of the firm's future earnings, the data can be ruled immaterial as a matter of law.").

Plaintiffs cannot save their insufficient pleadings by pointing to ELMS's statement that it was "further evaluating" its accounting for such transactions, as ELMS never reached a conclusion on the issue. D.I. 46, Ex. 6 at 3. This fact distinguishes the cases that Plaintiffs rely on, all of which involve circumstances where companies in fact issued restatements that dramatically changed the accounting treatment of transactions. *SEC* v. *Winemaster*, 529 F. Supp. 3d 880, 904 (N.D. Ill. 2021) (restated financials resulted in a total reduction of revenue of $29.8 million); *In re Bio-Tech. Gen. Corp. Sec. Litig.*, 380 F. Supp. 2d 574, 585 (D.N.J. 2005) (restated financials reversed $2 million drug sale and repurchase two years later, thereby establishing the falsity of the original financial statements concerning the sale and repurchase); *Fresno Cnty. Emps.' Ret. Ass'n*

3

v. *comScore, Inc.*, 268 F. Supp. 3d 526, 541 (S.D.N.Y. 2017) (8-K stated not only that company would have to restate financials but that "[it had] concluded that revenue and expenses associated with all nonmonetary transactions during [these] periods . . . should be reversed").

Finally, statements touting Luo's and other ELM executives' experience were true and not misleading: the accounting treatment of the equity transactions (in which Plaintiffs do not allege Luo or Taylor played any role) has nothing to do with these executives' resumes. And "laudatory statements" "highlight[ing]" Luo and Taylor as "key to the company's success" are at most nonactionable puffery. AB 18; *see SEC* v. *Kearns*, 691 F. Supp. 2d 601, 617 (D.N.J. 2010) (statements attributing company's success to the experience and discipline of its management team were mere puffery). Plaintiffs' caselaw on this point is also plainly inapposite. In *Delaware County Employees Retirement System* v. *AdaptHealth Corp.*, the CEO was the subject of an ongoing criminal investigation as early as spring 2019 and was sued in a civil lawsuit in November 2019—facts that clearly undermined the company's later statements (as late as January 2021) highlighting the CEO as the key to the company's success. 606 F. Supp. 3d 124, 135 (E.D. Pa. 2022). Here, no investigations, lawsuits, or even informal inquiries into the 2020 Equity Transactions existed when the alleged "laudatory statements" were made.

## B. Plaintiffs Further Cannot Plead Falsity Because the Accounting Judgments Are Non-Actionable Statements of Opinion.

Plaintiffs' argument that the accounting judgments are not statements of opinion is without merit. AB 23–24. The accounting judgments challenged in the Complaint are clearly statements of opinion subject to the *Omnicare* standard because they "involve a range of possible treatments instead of a single objective set of calculations." *In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223, at *11 (D.N.J. Apr. 27, 2017), *aff'd sub nom. In re Hertz Glob. Holdings Inc*, 905 F.3d 106 (3d Cir. 2018). Before proceeding with the complex calculations required by ASC-718,

4

accountants first had to determine whether or not the shares were transferred in exchange for services or "for a purpose other than compensation." D.I. 46, Ex. 8 at 15–4. Similar classification determinations have been held to be statements of opinion. *E.g.*, *Roofer's Pension Fund* v. *Papa*, 2018 WL 3601229, at *10 (D.N.J. July 27, 2018) (finding categorization of royalty stream as an operating asset rather than an intangible asset was subjective as it required "extensive evaluation of the facts and circumstances" "to determine the appropriate classification"). Here, accountants would proceed with ASC-718's calculations, including the determination of the fair value of the stock at the time of issuance or sale, only if the shares were determined to have been transferred for services. ¶¶ 77, 129.

Even if these accounting judgments were statements of fact rather than opinion, Plaintiffs cannot meet the *Omnicare* pleading standard because they have not alleged that Luo "did not honestly believe or have a reasonable basis for" believing the accounting treatment. *Mallozzi* v. *Innovative Indus. Props., Inc.*, 2023 WL 6121499, at *10 (D.N.J. Sept. 19, 2023). As in *Roofer's*, Luo—who is not alleged to have any accounting experience or training of his own—relied on ELM's accounting personnel's and BDO's accounting judgment, and the Complaint lacks a well-pleaded allegation to the contrary. 2018 WL 3601229, at *19 (determining that scienter is not pleaded where clean audit opinion provided "a strong inference that any errors were not so obvious that their publication demonstrate[d] an intent to defraud investors").

## II.    Plaintiffs' Answering Brief Fails to Cure Their Failure to Plead Luo Made Any of the Alleged Misstatements or Omissions.

Luo demonstrated that the Complaint failed to plausibly plead that Luo "made" any alleged misstatements within the meaning of *Janus Capital Group, Inc.* v. *First Deriv. Traders*, 564 U.S. 135, 142 (2011) because there are no well-pleaded allegation that he had "ultimate authority" over the challenged statements, and none of them are attributed to him personally. OB 12–13. Luo

5

further showed the Complaint tacitly concedes this by seeking to lump Luo in with all other "Defendants" through vague and improper group pleading. *Id.* Plaintiffs do not deny this; instead, they argue that statements broadly attributed to *ELM* or to *ELM's management* can also be attributed to Luo because he was a member of ELM's management. AB 21–23. Plaintiffs' argument—as made clear by the very cases they cite—fails because it is contrary to law.

As Plaintiffs do not dispute, the Complaint does not attribute any challenged statement to Luo himself because, as courts require, he is not personally identified as a speaker by name or surrounding circumstances. The Third Circuit's opinion in *City of Warren Police & Fire Retirement System* v. *Prudential Financial, Inc.*, 70 F.4th 668 (3d. Cir. 2023), on which Plaintiffs rely (AB 22), actually underscores Plaintiffs' pleading failure as to Luo. In that case, the court reasoned that a statement attributed to a Prudential Vice Chairman who was *directly named* as making the statement was sufficient to attribute the statement to both him and Prudential—rather than a third-party analyst who published his statement. 70 F.4th at 689–90; *see JPMorgan Chase Bank, N.A.* v. *Javice*, 2023 WL 4546409, at *1 (D. Del. July 13, 2023) (concluding defendant was maker of false statements in merger agreement where merger agreement listed defendant as one of three individuals with actual knowledge of the company's situation, and defendant "made several representations and warranties based on that knowledge"); *In re Merck & Co., Inc. Sec., Deriv. & ERISA Litig.*, 2011 WL 3444199, at *25 (D.N.J. Aug. 8, 2011) (concluding *Janus* satisfied as to officer who personally "was quoted in articles and reports" in his corporate capacity).

By contrast, in *Washtenaw County Employees' Retirement System* v. *Walgreen Co.*, on which Plaintiffs rely (AB 22), the Court refused to attribute a statement made by *the corporation* to an officer, absent specific identification of the officer as a speaker: "the statement that 'Walgreens' did not back away from the FY16 EBIT target is too broad to create any inference

6

that this statement should be attributed to [the individual officer]." 2019 WL 4597518, at *5 (N.D. Ill. Sept. 23, 2019). The same logic applies here. The very document Plaintiffs rely on to argue that Luo, like Taylor and Li, was a member of ELM management also identifies four other individuals not named as defendants who were also members of ELM management. D.I. 52, Ex. A at 210–11. Plaintiffs thus cannot rely on the *ipse dixit* that because Luo was a member of ELM's management he is somehow a maker of all ELM statements. Specific attribution (not pleaded here) that Luo was a speaker as opposed to other members of ELM's management is required.

Plaintiffs' argument that *Janus* is a "question of fact" ignores their failure to plead facts sufficient to plausibly show Luo was a maker of any challenged statement. And the sole case they rely on, *SEC* v. *Brown*, 878 F. Supp. 2d 109, 115 (D.D.C. 2012), is inapposite because it concerned a motion for summary judgment and the existence of a genuine issue of material fact.

Finally, Plaintiffs claim that all defendants challenge the complaint's sufficiency under *Janus*, such that there is a "mutual accusation" warrants denial of the motion. AB 23. But no co-defendant asserts that Luo was the maker of any challenged statement. Rather, Boris and Kiev argue only that the Complaint pleads *ELM* as a speaker for ELM-related statements. D.I. 42 at 18–19. The lone case Plaintiffs cite, *In re Bristol Myers Squibb Co., Securities Litigation*, 586 F. Supp. 2d 148, 171–72 (S.D.N.Y 2008), is inapposite because the court there concluded that the two defendants "[were] adequately alleged to be culpable participants" *and* they also affirmatively blamed each other.

III.    **Plaintiffs Do Not Dispute That the Complaint Failed to Plead a Claim for Scheme Liability as to Luo and Have Thus Abandoned That Claim.**

Luo showed that the Complaint does not plead a claim for scheme liability. OB 13–14. Plaintiffs' brief does not address this claim, much less dispute they failed to plead it. The claim should therefore be dismissed for the reasons stated in Luo's Opening Brief and because it has

7

been abandoned. *Shaw* v. *New Castle Cnty.*, 2021 WL 4125648, at *2 (D. Del. Sept. 9, 2021) (holding plaintiff's "failure to address the [defendant's] arguments for dismissal of the remaining claims constitutes abandonment of those claims; and, accordingly, I will dismiss them.") (citing cases); *Blakeman* v. *Freedom Rides, Inc.*, 2013 WL 3503165, at *13 (D. Del. July 10, 2013) ("In such situations, where a party responds to a dispositive motion, but only attempts to defend some subset of the claims that are subject to the motion, courts have consistently held that the claims that are not defended are deemed abandoned.").

## IV.    Plaintiffs Failed to Plead a Strong Inference of Scienter as to Luo.

### A.    Plaintiffs Inaccurately Claim Luo Had Information Contrary the Disclosures.

In their brief, Plaintiffs argue that the Complaint pleads a strong inference of scienter because it alleges that Luo had direct knowledge of ELMS's estimated $1.3 billion enterprise value, purchased common stock from ELM at a price "drastically below fair market value," and was aware of the details of the 2020 Equity Transactions. AB 29. But what Plaintiffs do not allege are well-pleaded facts tying these pieces of information to Luo's knowledge that the Proxy Statement was false or misleading. It is not enough to simply allege that a "defendant 'must have' known something" because of his position in the company. *Alleghany Cnty. Emps.' Ret. Sys.* v. *Energy Transfer LP*, 532 F. Supp. 3d 189, 228 (E.D. Pa. 2021). Again, the Complaint does not allege that Luo was directly involved in preparing the financials and other information supplied for inclusion in the Proxy Statement. Further, the Complaint alleges that BDO structured the 2020 Equity Transactions and completed the audit of the ELM financials that were described in the Proxy Statement. An independent auditor's opinion "raises a strong inference that any 'errors were not so obvious that their publication demonstrates an intent to defraud investors.'" *Roofer's*, 2018 WL 3601229, at *19.

8

The cases cited by Plaintiffs are inapposite. Plaintiffs rely on a parenthetical from *McCullough* v. *Advest*, which presents an entirely different context: whether a reasonably diligent investor could have discovered a violation of § 10(b) before the limitations period had run. 754 F. App'x 109, 112 (3d Cir. 2018). *In re Great Atlantic & Pacific Tea Co., Inc. Securities Litigation* is also distinguishable. 103 F. App'x 465, 469 (3d Cir. 2004). There, the court, dealing with a situation in which the fraud was based on non-disclosure (rather than an affirmative misrepresentation or false statement) reasoned that "actual knowledge of the facts is sufficient to show scienter." *Id.* Plaintiffs have not alleged that Luo failed to disclose information about which he had actual knowledge.

**B.      Plaintiffs' General Motive and Opportunity Allegations Remain Insufficient.**

Luo showed that Plaintiffs' general motive and opportunity allegations cannot be used to provide the requisite strong inference of scienter because (i) Luo's 100% ownership of ELM (which he held before the 2020 Equity Transactions) already motivated him to seek the Merger's closing (ii) it is a generic, conclusory motive possessed by most corporate directors and officers; and (iii) there was no real danger the merger would not be consummated—and thus no reason to defraud. OB 14–16. Plaintiffs do not seriously dispute, or even address, any of this in their brief.

Instead, Plaintiffs reiterate their general allegations that Luo stood to profit from the Merger and state—without citation to the Complaint—that "FIII shareholders were far more likely to oppose the Merger." AB 33–34. Both *ipse dixit* from the brief cannot contradict the Complaint, which pleads the opposite. OB 16 (citing ¶ 48 n.4). And Plaintiffs' assertion that motive allegations may support a strong inference of scienter are of no moment where, as here, the Complaint lacks direct allegations of Luo's scienter. *See Snowstorm Acquisition Corp.* v. *Tecumseh Prods. Co.*, 739 F. Supp. 2d 686, 705 (D. Del. 2010) (finding that scienter is adequately

9

pleaded where plaintiff alleged motive as well as "actual knowledge on the part of [defendant] of the falsity of his statements").

## V.       Plaintiffs Cannot Salvage Their Defective Section 20(a) Claim against Luo.

In their brief, Plaintiffs address whether Luo was a control person of ELM. AB 49. But they do not address (much less dispute) that their Section 20(a) claims against Luo—either as a purported control person of ELMS or FIII (for FIII's pre-Merger statements–fail to state a claim. OB 19–20; AB 49. Those Section 20(a) claims are thus abandoned and should be dismissed.

Nor do Plaintiffs plausibly plead a Section 20(a) claim against Luo as a control person of ELM. *First*, as Luo and the other defendants have shown in their briefs, the Complaint does not plead a primary violation against *ELM*. *Second*, Luo is not plausibly alleged to have been a culpable participant in any statements attributable broadly to ELM or ELM's management. Plaintiffs' brief confirms their only allegations against Luo are that he (i) owned ELM and was a member of management; (ii) signed the merger agreement; (iii) participated generally in merger negotiations; and (iv) participated in the 2020 Equity Transactions. AB 49. This is not enough, and there is no well-pleaded allegation permitting the plausible inference the Luo actually participated in the *allegedly false statements ELM made*, as opposed to the merger negotiations. OB 20; *In re Advance Auto Parts, Inc. Sec. Litig*., 2020 WL 599543, at *10 (D. Del. Feb. 7, 2020) (dismissing Section 20(a) claim where plaintiff failed to allege the defendants "controlled the drafting or publishing of the [statements] at issue, or that [they] reviewed or signed them before publication"); *In re Digital Island Sec. Litig*., 223 F. Supp. 2d 546, 561 (D. Del. 2002) (holding plaintiffs' "unsupported allegations regarding management responsibilities fail[ed] to allege with the requisite specificity that the individual defendants played a role in the alleged nondisclosures").

## CONCLUSION

Plaintiffs' Section 10(b) and 20(a) claims should be dismissed as to Luo with prejudice.

10

OF COUNSEL:

Andrew J. Ehrlich
Gregory F. Laufer
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.:  (212) 373-3000
aehrlich@paulweiss.com
glaufer@paulweiss.com


Dated:  April 11, 2024

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP


By:  */s/ Matthew D. Stachel*
    Matthew D. Stachel (No. 5419)
    1313 N. Market Street, Suite 806
    Post Office Box 32
    Wilmington, DE 19899-0032
    Tel.:  (302) 655-4410
    mstachel@paulweiss.com

*Attorneys for Defendant Jason Luo*

11