# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SHMUEL LEVY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 23-cv-653 (GBW) |
| v. | ) ) | |
| JASON LUO, JAMES TAYLOR, ALBERT LI, MARSHALL KIEV, DAVID BORIS, and BDO USA, LLP, | ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) ) | |

## DEFENDANT BDO USA, LLP'S RESPONSE TO LEAD PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

**MCDERMOTT WILL & EMERY LLP**

**OF COUNSEL**:

Gregory G. Ballard
Joel C. Haims
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852

Dated: March 7, 2025

Ethan H. Townsend (#5813)
Daniel T. Menken (#6309)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3900
ehtownsend@mwe.com
dmenken@mwe.com

*Attorneys for Defendant*
*BDO USA, LLP**

---

* Subsequent to the filing of the complaint here, BDO changed its legal structure to a professional corporation, and its name to BDO USA, P.C.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

      I.      Standard ................................................................................................................ 2

      II.     BDO's Statements in the ELM Audit Opinion are Opinions ............................... 2

      III.    BDO's Opinions are Not Actionable Under Omnicare ........................................ 4

      IV.   Plaintiffs' request for leave to amend should be denied ....................................... 7

CONCLUSION ........................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AmTrust Fin. Servs., Inc. Sec. Litig.*,
  2019 WL 4257110 (S.D.N.Y. Sept. 9, 2019)................................................................3

*Buttonwood Tree Value Partners, LP v. Sweeney*,
  2012 WL 2086607 (C.D. Cal. June 7, 2012) ................................................................5

*EEOC v. City of Long Branch*,
  866 F.3d 93 (3d Cir. 2017)................................................................................2

*Hacker v. Elec. Last Mile Sols. Inc.*,
  Civil Action No. 22-545, D.I. 137 (D.N.J. July 19, 2024) (ORDER) ...................................3, 6

*In re Ikon Office Sols., Inc.*,
  277 F.3d 658 (3d Cir. 2002)...............................................................................4, 6

*Johnson v. CBD Energy Ltd.*,
  2016 WL 3654657 (S.D. Tex. July 6, 2016)...............................................................3, 7

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
  62 F. Supp. 3d 368 (D. Del. 2014)........................................................................2

*Mehedi v. View, Inc.*,
  2023 WL 3592098 (N.D. Cal. May 22, 2023) ..............................................................7

*New England Carpenters Guaranteed Annuity & Pension Funds v. DeCarlo*,
  80 F.4th 158 (2d Cir. 2023) ..............................................................................3

*In re Ocugen, Inc. Sec. Litig.*,
  2024 WL 1209513 (3d Cir. Mar. 21, 2024)................................................................7

*Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*,
  575 U.S. 175 (2015)............................................................................1, 3, 4, 6, 7

*Querub v. Moore Stephens Hong Kong*,
  649 F. App'x 55 (2d Cir. 2016) ..........................................................................3

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
  2015 WL 3833849 (M.D. Pa. June 22, 2015)..............................................................7

## PRELIMINARY STATEMENT

Plaintiffs' objections regurgitate the arguments they presented in briefing and oral argument on BDO's motion to dismiss. Magistrate Judge Hatcher carefully considered and rejected those in her Report and Recommendation (the "R&R"). As she explained, BDO's audit opinion is exactly what it professes to be: an "opinion" as to financial statements prepared by ELM's management. Under *Omnicare* and its progeny, such opinions are not actionable.

In their objections, Plaintiffs continue to insist—contrary to the weight of recent precedent and the relevant professional standards—that BDO's ELM Audit Opinion is a statement of fact, not an opinion. Plaintiffs argue that the ELM Audit Opinion was objectively false because it stated that ELM's financials were GAAP-compliant and that BDO's audit was conducted in compliance with PCAOB standards. The R&R, however, correctly concluded that BDO's "opinions were couched and labeled as exactly that—opinions"—and that, under *Omnicare*, those opinions were not actionable because they did not "fall[] under one of the three categorical exceptions for liability"—*i.e.*, under circumstances where: (1) the speaker did not sincerely hold the stated belief at the time it was made; (2) the opinion contains embedded statements of fact that were untrue; or (3) the opinion reasonably implies untrue facts and omits qualifying language. R&R 20, 24.

Rather than identify any specific flaws in the Magistrate Judge's analysis, Plaintiffs generally take issue with the R&R's determination, arguing in a conclusory manner that the "R&R erred in holding that BDO did not make actionable false statements" and in holding that the ELM Audit Opinion contained "subjective opinions." Obj. 3-4. Plaintiffs also argue that even if "BDO's statements are opinions under *Omnicare*, it erred in holding that they are inactionable." *Id.* at 5. Although Plaintiffs may disagree with the Magistrate Judge's conclusions, they fail to identify any specific faults meriting rejection of the Magistrate Judge's recommendations. Magistrate Judge

1

Hatcher's well-reasoned R&R is persuasive and should be adopted. Accordingly, the Court should reject Plaintiffs' objections and dismiss Plaintiffs' claim against BDO.

## ARGUMENT

### I. STANDARD

Where "a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). To preserve this right to *de novo* review, an objecting party must specifically articulate its objections, "including an express statement of, at the very least: the issue, the adverse determination, and the basis on which the adverse determination is purportedly in error." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 376 (D. Del. 2014). As such, "generalized objections are insufficient to preserve [a party's] right to further review by the District Court of the Magistrate Judge's recommendations and decisions." *Id.* at 375.

Here, Plaintiffs' objections to the Magistrate Judge's R&R are generalized and fail to articulate the specific bases on which the adverse determination is in error. If the Court undertakes a *de novo* review of the R&R, however, Plaintiffs' objections should be rejected for the reasons below.

### II. BDO'S STATEMENTS IN THE ELM AUDIT OPINION ARE OPINIONS

Although seemingly a straightforward conclusion based on the plain language of the ELM Audit Opinion (titled "Opinion on the Financial Statements"), the relevant PCAOB standards, and recent case law, Plaintiffs object to the R&R's determination that BDO's audit opinion is a statement of opinion. Plaintiffs' objections should be rejected.

As the Magistrate Judge correctly noted, BDO's "opinions were couched and labeled as exactly that—opinions"—and that "the Supreme Court confirmed, a reasonable person recognizes the import of words like 'I think' or 'I believe,' and grasps that they convey some lack of certainty as to the statement's content." R&R 20-21 (citing *Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*, 575 U.S. 175, 187 (2015)). The Magistrate Judge's determination is consistent with PCAOB standards themselves, which confirm that "the auditor's responsibility for the financial statements … is confined to the expression of his or her opinion on them." AS § 1001.03. The Magistrate Judge also considered and was "persuaded by the more recent decisions holding that such statements are opinions under *Omnicare,* for the reasons set forth in those cases." R&R 20 (citing *Querub v. Moore Stephens Hong Kong,* 649 F. App'x 55, 58 (2d Cir. 2016) ("Audit reports, labeled 'opinions' and involving considerable subjective judgment, are statements of opinion subject to the *Omnicare* standard ...."); *In re AmTrust Fin. Servs., Inc. Sec. Litig.,* 2019 WL 4257110, at *31 (S.D.N.Y. Sept. 9, 2019), *rev'd in part on other grounds by New England Carpenters Guaranteed Annuity & Pension Funds v. DeCarlo,* 80 F.4th 158, 182 (2d Cir. 2023); *see also Johnson v. CBD Energy Ltd.,* 2016 WL 3654657, at *10 (S.D. Tex. July 6, 2016) (finding that, under "the logic employed in *Omnicare,*" a routine audit opinion containing a "statement regarding ... PCAOB standards" is an "opinion")). Even *Hacker*, which Plaintiffs cite repeatedly throughout their objections, treated BDO's statements regarding GAAP and PCAOB compliance as "statements of opinion" under *Omnicare*. *Hacker v. Elec. Last Mile Sols. Inc.*, Civil Action No. 22-545, D.I. 137 (D.N.J. July 19, 2024) (ORDER).

But against the weight of these authorities, Plaintiffs continue to insist that BDO's statements in the ELM Audit Opinion "concern objective factual matters." Obj. 4. Plaintiffs argue that "[i]t is a fact, not an opinion, that ELM did not determine the fair market value of the shares

3

issues to insiders" and, as such, "BDO's statement that ELM's financials complied with GAAP is a factual misstatement[.]" *Id.* But Plaintiffs' arguments demonstrate a fundamental misunderstanding of what an audit entails. Indeed, ELM's management was responsible for preparing ELM's financial statements in accordance with GAAP—as an independent auditor, BDO cannot participate in preparing the financial statements it audits. Rather, BDO's responsibility was to express an opinion, based on an audit conducted in accordance with PCAOB standards, that examine the financial statements on a test- and risk-basis, appear to comply with GAAP.[1] It was not BDO's role to, nor did it, provide *absolute* assurance that ELM's financial statements (prepared by ELM's management) complied in all respects with GAAP. The same is true for statements concerning BDO's PCAOB compliance, which require an auditor to "exercise[] appropriate, not flawless, levels of professional care and judgment." *In re Ikon Office Sols., Inc.*, 277 F.3d 658, 673 (3d Cir. 2002). The ELM Audit Opinion reflects BDO's opinions and thus is an opinion statement under *Omnicare*.

Accordingly, the Court should affirm that the ELM Audit Opinion is a statement of opinion.

## III.    BDO'S OPINIONS ARE NOT ACTIONABLE UNDER *OMNICARE*

After determining that the ELM Audit Opinion was a statement of opinion, the Magistrate Judge proceeded to analyze the three exceptions under *Omnicare* where an opinion may be actionable, including where (1) the speaker did not sincerely hold the stated belief at the time made; (2) the opinion contains embedded statements of fact that were untrue; or (3) the opinion

---

[1] Notably, *none* of FIII's board, its own independent auditor, or any of its other financial advisors involved in the Merger contemporaneously identified any issues with these same financial statements.

reasonably implies untrue facts and omits qualifying language. R&R 21-23. After analyzing each, the R&R concluded that: (1) Plaintiffs' allegations as to what BDO "should have" done "do[] not establish that BDO's opinion 'falsely describe[d its] state of mind'" (*id.* at 21); (2) BDO's statements concerning PCAOB compliance do not contain an "embedded and verifiable statement of fact" considering the "inherent subjectivity involved" in such standards (*id.* at 23); and (3) PCAOB compliance statements do not imply untrue facts or omit material facts (*id.*).

In their objections, Plaintiffs claim the Magistrate Judge's determinations were in error because the Magistrate Judge "drew an inference in BDO's favor" by finding that "the relevant PCAOB requirements are 'inherently subjective.'" Obj. 6. But contrary to Plaintiffs' position, the Magistrate Judge's finding was not "an inference in BDO's favor" and is supported by both the PCAOB standards and recent case law. *See* AS § 1001.02 (noting that "[b]ecause of the nature of audit evidence," an audit is designed "to obtain reasonable, but not absolute, assurance that material misstatements are detected"); *see also Buttonwood Tree Value Partners, LP v. Sweeney,* 2012 WL 2086607, at *2 (C.D. Cal. June 7, 2012) (noting that "both GAAS and GAAP are a collection of broad standards that are couched in rather general and in some cases inherently subjective terms … to which reasonable professionals planning or conducting an audit reasonably and frequently could disagree.").

Rather than grapple with the findings in the R&R, Plaintiffs simply recycle their allegations as to what they believe BDO "should have" done differently in conducting its audit. But as the Magistrate Judge convincingly explained, such "should have" allegations are insufficient to plead that BDO did not sincerely believe its ELM Audit Opinion. R&R 21.

Plaintiffs also point to *Hacker*'s discussion of purported "red flags." Obj. 6. But Plaintiffs' argument conflates two concepts of a Rule 10b-5 claim—(i) actionable misstatement and (ii)

scienter. The concept of "red flags" bears on whether a complaint adequately pleads scienter, a question which the Magistrate Judge did not reach; it does not affect whether a complaint adequately pleads an actionable misstatement, the question that the Magistrate Judge did reach.[2] In any event, BDO respectfully submits that the *Hacker* decision was incorrectly decided. Further, the Magistrate Judge made clear that she "carefully considered the court's holding" in *Hacker* and "disagree[d]" with its "holding regarding the *Omnicare* exceptions[.]" R&R 24 n.6.

In any event, the existence of "red flags"[3] is relevant only where the purported red flags indicate a lack of "good faith belief or reasonable basis" for the audit opinion and where the red flags were known to the auditor. *See In re Ikon*, 277 F.3d at 667-68 (finding that allegations that an auditor "failed to investigate sufficiently evidence of fraud by [the company] or take into account other conspicuous risk factors or 'red flags'" did not "supply a basis from which to draw a reasonable inference that [the auditor] recklessly or knowingly issued a materially false and misleading audit opinion"). Indeed, "conclusory assertions" that an auditor "violated accounting principles" is insufficient to plead that it "intentionally issued false and misleading statements." *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 2015 WL 3833849, at *49 (M.D. Pa. June 22, 2015). Without pointing to anything other than purported "red flags," Plaintiffs fail to allege that BDO did not sincerely believe the ELM Audit Opinion.

---

[2] In light of the Magistrate Judge's recommendation that the claim against BDO be dismissed for failure to plead an actionable misstatement, the Magistrate Judge did not reach the other grounds for dismissal set forth in BDO's motion to dismiss, including Plaintiffs' failure to plead the essential elements of scienter and reliance. In the event that the Court determines that BDO's audit opinion is actionable under *Omnicare*, these additional grounds for dismissal would need to be addressed either by this Court or by the Magistrate Judge.

[3] Although Plaintiffs reference multiple purported "red flags," those "red flags" are different sides of the same coin. Indeed, "share price," "share valuation," and "magnitude" are simply different ways of framing the same red flag—*i.e.*, that share price was allegedly undervalued, which led to a certain magnitude of allegedly undisclosed expenses. *See* Obj. 7-8.

Plaintiffs' remaining arguments on *Omnicare*'s exceptions fare no better. Obj. 8-9. As discussed *supra* (at 2-4), statements concerning compliance with GAAP and PCAOB standards are not facts, and they certainly do not contain embedded facts. Rather, as the Magistrate Judge correctly found, "[g]iven the inherent subjectivity involved, merely stating that a PCAOB compliant audit was conducted does not mean that an audit contains an embedded and verifiable statement of fact." R&R 23 (cleaned up); *see also Johnson*, 2016 WL 3654657, at *12 (holding that the statement "'[w]e conducted our audit of these statements in accordance with the standards of the [PCAOB]' … does not contain embedded statements of fact that are untrue"); *Mehedi v. View, Inc.*, 2023 WL 3592098, at *10 (N.D. Cal. May 22, 2023) ("[T]he Court agrees with other courts that have held that similar statements about PCAOB, GAAS, and GAAP do not include any embedded statements of fact."). Nor do they imply or omit facts, particularly considering the express qualifying language set forth in BDO's ELM Audit Opinion.

## IV.    PLAINTIFFS' REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

Plaintiffs' request for leave to amend (in footnote 8 of their objections) should be denied as futile, and dismissal should be with prejudice. Plaintiffs do not explain how they could re-plead to overcome the deficiencies in their claim against BDO. *See In re Ocugen, Inc. Sec. Litig.*, 2024 WL 1209513, at *6 (3d Cir. Mar. 21, 2024) ("A District Court need not grant leave to amend when the party seeking such leave does not attach a draft amended complaint to its motion or explain how it would amend the pleading.")

### CONCLUSION

The Court should reject Plaintiffs' objections and affirm Magistrate Judge Hatcher's R&R.

**MCDERMOTT WILL & EMERY LLP**

/s/ *Ethan H. Townsend*
Ethan H. Townsend (#5813)
Daniel T. Menken (#6309)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3900
ehtownsend@mwe.com
dmenken@mwe.com

*Attorneys for Defendant*
*BDO USA, LLP*

OF COUNSEL:

Gregory G. Ballard
Joel C. Haims
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852

Dated: March 7, 2025

8