# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SHMUEL LEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>          v.<br><br>JASON LUO, JAMES TAYLOR, ALBERT LI, MARSHALL KIEV, DAVID BORIS, and BDO USA, LLP,<br><br>             Defendants. | Civil Action No. 1:23-cv-00653-GBW-LDH<br><br><br>CLASS ACTION |

## DEFENDANT ALBERT LI'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

*Of Counsel*:

**BRENNAN, MANNA & DIAMOND LLC**
Marlon A. Primes (*pro hac vice*)
200 Public Square, Suite 1850
Cleveland, Ohio 44114
(216) 306-3047
maprimes@bmdllc.com

**BERGER MCDERMOTT LLP**

Michael W. McDermott (No. 4434)
Peter C. McGivney (No. 5779)
Zachary J. Schnapp (No. 6914)
1105 N. Market Street, 11th Floor
Wilmington, Delaware 19801
(302) 655-1140 telephone
(302) 655-1131 facsimile
mmcdermott@bergermcdermott.com
pmcgivney@bergermcdermott.com
zschnapp@bergermcdermott.com

Dated: March 7, 2025

*Attorneys for Defendant Albert Li*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT .............................................................................................................................2

I.  Factual and Procedural Background .................................................................................2

    a.  Factual Background and Initiation of the Present Class Action Lawsuit ......................2

    b.  Magistrate Judge Hatcher's Report and Recommendation and Plaintiffs' Objections Thereto .................................................................................................................3

II.  Legal Analysis .................................................................................................................4

    a.  Magistrate Judge Hatcher Did Not Err in Recommending that Count I Against Mr. Li, Alleging He Violated § 10(b), Should be Dismissed.................................................4

        i.  There is a Heightened Pleading Standard for Securities Fraud Claims ...................4

        ii.  Mr. Li Was Not the Maker of Any of the Statements Because Mr. Li Did Not Have Ultimate Authority Over Any Statements.........................................................5

        iii.  Mr. Li Also Was Not the Maker of Any Alleged Misstatements Because None of the Statements in the Complaint Were Expressed by Mr. Li ..............................7

    b.  Count II Against Mr. Li, Alleging He Violated § 20(a), Should be Dismissed Because it is Derivative of a § 10(b) Claim, Which Should be Properly Dismissed as Stated Above........................................................................................................9

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bartesch v. Cook*,
    941 F. Supp. 2d 501 (D. Del. 2013)...................................................................................5

*Cal. Pub. Employees' Rel. Sys. v. Chubb Corp.*,
    394 F.3d 126 (3d Cir. 2004) ...........................................................................................4

*City of Edinburgh Council v. Pfizer, Inc.*,
    754 F.3d 159 (3d Cir. 2014) ...........................................................................................9

*City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*,
    70 F.4th 668 (3d Cir. 2023) ............................................................................................6

*City of Roseville Emps. Ret. Sys. v. Energy Sols., Inc.*,
    814 F. Supp. 2d 395 (S.D.N.Y. 2011).............................................................................5

*Glickenhaus & Co. v. Household Int'l, Inc.*,
    787 F.3d 408 (7th Cir. 2015) ..........................................................................................8

*In re Advanta Corp. Sec. Litig.*,
    180 F.3d 525 (3d Cir. 1999)............................................................................................5

*In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*,
    2011 WL 344419 (D.N.J. Aug. 8, 2011) ........................................................................6

*In re MicroStrategy, Inc. Sec. Litig.*,
    115 F. Supp. 2d 620 (E.D. Va. 2000) .............................................................................8

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
    311 F.3d 198 (3d Cir. 2002)............................................................................................5

*Institutional Invs. Grp. v. Avaya, Inc.*,
    564 F.3d 242 (3d Cir. 2009).........................................................................................5, 9

*Janus Capital Group, Inc. v. First Deriv. Traders*,
    564 U.S. 135 (2011)...............................................................................................5, 6, 8

*Rahman v. Kid Brands, Inc.*,
    736 F.3d 237 (3d Cir. 2013) ...........................................................................................9

*Universal Am. Corp. v. Partners Healthcare Solutions Holdings*, L.P.,
    61 F. Supp. 3d 391 (D. Del. 2014)..................................................................................8

*Universal American v. Partners Healthcare Solutions Holdings, L.P.*,
176 F. Supp. 3d 387 (D. Del. 2016)................................................................6, 7

*Washtenaw County Employees' Retirement System* v. *Walgreen Co.*,
2019 WL 4597518 (N.D. Ill. Sept. 23, 2019) ....................................................6

*Winer Family Tr. v. Queen*,
503 F.3d 319 (3d Cir. 2007)...............................................................................7

## STATUES, RULES, AND REGULATIONS

Fed. R. Civ. P. 9(b) .....................................................................................*passim*

17 CFR § 240.10b-5.....................................................................................*passim*

15 U.S.C.
    § 78j ...................................................................................................*passim*
    § 78t ...................................................................................................*passim*
    § 78u.........................................................................................................4

Defendant Albert Li ("Mr. Li"), by and through his undersigned counsel, hereby respectfully submits this Answer in Opposition (this "Answer") to *Lead Plaintiffs' Objections to Report and Recommendation* (the "Objections") of Plaintiffs Shmuel Levy, Isidore H. Mayrock, Izac Ben-Shmuel, and Robert Green (collectively, the "Plaintiffs") to Magistrate Judge Hatcher's Report and Recommendation granting, *inter alia*, Mr. Li's motion to dismiss.

## PRELIMINARY STATEMENT

Judge Hatcher's Report and Recommendation should be adopted by this Court because Plaintiffs never adequately alleged in their Amended Complaint that Mr. Li was the maker of any statements that could be examined as a potential violation of Section 10(b) of the 1934 Exchange Act and SEC Rule 10b-5 (collectively, "§ 10(b)"). Further, Mr. Li never had ultimate authority over any of the statements that Plaintiffs allege to be violations of § 10(b). Because no liability under § 10(b) can be imparted onto Mr. Li, no liability under Section 20(a) of the 1934 Exchange Act ("§ 20(a)") can be imparted on Mr. Li, since liability under that section is derivative of § 10(b) liability.

Plaintiffs' Amended Complaint fails to adequately allege with requisite specificity that Mr. Li made any statements which could impart § 10(b) liability. As a result of Plaintiffs' failure to allege any specific statements made by Mr. Li, the claims against Mr. Li fail because they do not meet the heightened pleadings standards under Rule 9(b).

Further, because Plaintiffs fail to allege that Mr. Li either made any of the statements or had requisite responsibility over any of the statements upon which Plaintiffs' Amended Complaint is based, Mr. Li cannot be shown to be a "maker" of any of the potentially false statements that Plaintiffs allege. Therefore, no liability for a violation of § 10(b) can lie against Mr. Li because he is not a "maker" of any of the alleged false statements.

1

Finally, because Mr. Li lacks any § 10(b) liability, Mr. Li cannot have any liability for an alleged violation of § 20(a), which must derive from a prior violation of § 10(b). For these reasons, as set forth in greater detail below and in Mr. Li's previous filings in this Court, which are adopted and incorporated as if set forth herein,[1] Mr. Li asks this Honorable Court to adopt Judge Hatcher's Report and Recommendation in full and dismiss all causes of action against Mr. Li.

**ARGUMENT**

I.      **Factual and Procedural Background.**

        a.  **Factual Background and Initiation of the Present Class Action Lawsuit.**

Mr. Li served as the Chief Financial Officer ("CFO") and Treasurer of Electric Last Mile, Inc. ("ELM") prior to its merger (the "Merger") with and into Forum Merger III Corp. ("FIII"), a special purpose acquisition company, which formed Electric Last Mile Solutions, Inc. ("ELMS"). The Merger closed on June 25, 2021. Mr. Li then served as ELM's CFO and Treasurer until November 2021.

After ELMS filed for bankruptcy protection, Plaintiffs commenced a putative class action lawsuit purportedly on behalf of a class of investors who purchased ELMS common stock through a private investment in public equity ("PIPE") in connection with the merger. Subsequently, Plaintiffs filed an Amended Complaint, which asserted that Mr. Li and others violated federal securities laws by purportedly failing to report certain pre-merger equity transactions as a

---

[1] The alleged violations of Sections 10(b) and 20(a) and Rule 10b-5 of the 1934 Securities Exchange Act are common among Defendants Li, Taylor, Boris, and Kiev. Accordingly, Mr. Li previously joined Mr. Taylor's brief in support of his motion to dismiss as to the Nature and Stage of the Proceedings, Summary of the Argument, and Arguments I and II, and adopts and incorporates the contents thereof, as applicable to Mr. Li, into this Answer. Similarly, Mr. Li previously joined Messrs. Boris and Kiev's joint brief in support of their motion to dismiss as to the Summary of Argument and Arguments I through III, and adopts and incorporates the contents thereof, as applicable to Mr. Li, into this Answer.

2

compensation expense of ELM. More specifically, Plaintiffs alleged that certain documents in connection with the merger, including the "Offering Memorandum" and the "Proxy" contained material misrepresentations, and that the Individual Defendants, including Mr. Li, knew that the information disseminated in the name of ELM, pre-merger, was materially false and misleading. Further, Plaintiffs state that the Proxy, filed by FIII, contained an incorrect accounting determination of the sale of common shares of ELM stock prior to the merger. *See* D.I. 23 ¶¶ 4-7.

However, Mr. Li was not the "maker" of any alleged misrepresentation—he merely signed the Registration Statement and took no part in the issuance of the Proxy Statement, where most of the alleged misstatements were contained. Additionally, Mr. Li never personally consulted with the auditing firm, BDO USA, LLP ("BDO") who gave ELM a clean audit opinion for the merger transactions.

### b. Magistrate Judge Hatcher's Report and Recommendation and Plaintiffs' Objections Thereto.

Shortly after Plaintiffs' Amended Complaint was filed in this matter, Mr. Li as well as all other Defendants moved to dismiss Plaintiffs' Amended Complaint for its failure to adequately state a claim against the Defendants. *See* D.I. 33-34, 36-39, 41-42, 44-45. After reviewing Defendants' motions to dismiss and Plaintiffs Answer in response, Magistrate Judge Hatcher issued a Report and Recommendation dismissing all claims against the Defendants. *See* D.I. 75. Judge Hatcher's reasoning to dismiss Count I, the § 10(b) claims specific to Mr. Li, was that Mr. Li was not a "maker" of these alleged false statements in question. *Id.* at pp. 13-17.[2] Further, because Judge Hatcher dismissed the § 10(b) claim against Mr. Li, Her Honor correctly reasoned that Count

---

[2] Moreover, Mr. Li was not a "maker" of the statement because he was three levels removed from the statement: Mr. Li hired a CPA firm to prepare a financial statement, Mr. Li then hired Deloitte to review the financial statement, and then Mr. Li hired BDO to do an independent audit. *See Levy v. Luo*, C.A. 1:23-cv-00653-GBW-LDH, Transc. 31:14–21 (D. Del. Dec. 3, 2024).

3

II, the § 20(a) claims, necessarily must also be dismissed against Mr. Li because liability under § 20(a) was derivative from a violation of § 10(b). *Id* at 27.

In response to Judge Hatcher's Report and Recommendation, Plaintiffs filed their Objections. *See* D.I. 76. Plaintiffs objected to Judge Hatcher's recommendation to dismiss the § 10(b) claims relevant to Mr. Li. Specifically, and as to that portion of Judge Hatcher's Report and Recommendation concerning Mr. Li, Plaintiffs stated as follows:

> The R&R erred in finding that Luo, Taylor, and Li did not "make" alleged misstatements. D.I. 75 at 14-17. A person makes a statement if they have "ultimate authority over the statement, including its content and whether and how to communicate it." *Janus*, 564 U.S. at 142. Luo, Taylor, and Li were ELM's senior managers and had ultimate authority over ELM's false financial statements set forth in the Proxy, which specifically attributed this information to them, stating that "[t]he information included in this proxy statement in relation to ELM has been provided by ELM and its management team." D.I. 35-2, at 28; *see also Prudential*, 70 F.4th at 688.

D.I. 76 at p. 9. The Objections then proceed to argue that Judge Hatcher's dismissal of the § 20(a) claims was improper because the § 10(b) claim dismissal was improper. *Id.* at p. 10.

This is Mr. Li's Answer to Plaintiffs' Objections.

## II.    Legal Analysis.

### a.    Magistrate Judge Hatcher Did Not Err in Recommending that Count I Against Mr. Li, Alleging He Violated § 10(b), Should be Dismissed.

#### i.    There is a Heightened Pleading Standard for Securities Fraud Claims.

Rule 9(b) imports a heightened pleading standard on securities fraud claims. "'[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Cal. Pub. Employees' Rel. Sys. v. Chubb Corp.*, 394 F.3d 126, 144 (3d Cir. 2004) (quoting Fed. R. Civ. P. 9(b)). This particularity requirement is "rigorously applied in securities fraud cases." *Id.* In the same vein, the Exchange Act requires plaintiffs to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an

allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(I).

Further, Plaintiffs' allegations must meet this same heightened pleading standard by the requirements of the Private Securities Litigation Reform Act ("PSLRA"). *Institutional Investors Group v. Avaya, Inc.,* 564 F .3d 242, 252 (3d Cir. 2009). The PSLRA standard also closely mirrors the standard set out in Rule 9(b). *Id.* at 253. Both Rule 9(b) and the PSLRA require a plaintiff to plead "the who, what, when, where, and how" when making a claim for fraud. *Id.* (quoting *In re Advanta Corp. Sec. Litig.,* 180 F .3d 525, 534 (3d Cir. 1999)). Consequently, "'unless plaintiffs in securities fraud actions allege facts supporting their contentions of fraud with the requisite particularity mandated by Rule 9(b) and the [PSLRA], they may not benefit from the inferences flowing from vague or unspecific allegations-inferences that may arguably have been justified under a traditional Rule 12(b)(6) analysis.'" *Cal. Pub. Employees' Rel. Sys.*, 394 F.3d at 145 (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig*., 311 F.3d 198, 215 (3d Cir. 2002)).

### ii.   Mr. Li Was Not the Maker of Any of the Statements Because Mr. Li Did Not Have Ultimate Authority Over Any Statements.

Plaintiffs did not adequately allege that Mr. Li was an officer or director of FIII nor that he had ultimate authority over the Proxy, the SEC filings, Subscription Agreements, and other documents containing allegedly false statements. *See Bartesch v. Cook,* 941 F. Supp. 2d 501, 511 (D. Del. 2013) ("no fraud liability can exist against any defendant who was not an officer or director [of the company] at the time of the challenged statement because they would not have had the required 'ultimate authority over the statement, including its content and whether and how to communicate it'") (quoting *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-43 (2011)). Although "*Janus* recognized that attribution could be 'implicit from surrounding circumstances,'" the key question is whether a person or entity has authority over a statement. *City*

5

*of Roseville Emps. Ret. Sys. v. Energy Sols., Inc.,* 814 F. Supp. 2d 395, 418 (S.D.N.Y. 2011) (quoting *Janus,* 564 U.S. at 142).

Plaintiffs failed to allege any specific facts or "surrounding circumstances" that show Mr. Li was the "person or entity with ultimate authority over [any particular] statement, including its content and whether and how to communicate it." *Janus,* 546 U.S. at 142. Plaintiffs do include Mr. Li's title in their Amended Complaint, which with a great stretch of assigned meaning may imply that because of Mr. Li's position, he must have had some kind of involvement in gathering the contents of the Proxy or documents included therein. But merely pleading that Mr. Li is an officer or has a title within a company is not enough under Rule 9(b) or the PLSRA to maintain a claim for violation of § 10(b). *See*, *e.g.*, *City of Warren Police & Fire Rel. Sys. v. Prudential Fin.*, *Inc.,* 70 F.4th 668, 686 (3d Cir. 2023) (finding allegations sufficient when statements were directly attributed to an individual, and contrasting such allegations with those in *Janus* where allegations that a person was "significantly involved" were insufficient); *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 2011 WL 344419, at *25 (D.N.J. Aug. 8, 2011) (finding attribution sufficient where the defendant was a named officer, specific statements were attributed to him, and he signed the SEC filings at issue); *Washtenaw Cnty. Employees' Ret. Sys. v. Walgreen Co.*, 2019 WL 4597518, at *5 (N.D. Ill. Sept. 23, 2019) (holding that generic allegations against "Walgreens" were insufficient to state a claim against the CFO, while specific allegations attributing statements directly to the CEO were sufficient).

Additionally, as Judge Hatcher correctly recognizes, Mr. Li's situation closely follows another case determined by this Court in *Universal American v. Partners Healthcare Solutions Holdings, L.P*. In *Universal*, the Court allowed liability to extend to corporate officers when a plaintiff "can plead, and ultimately prove, that those officers had ultimate authority over the

6

statement." *Universal American v. Partners Healthcare Solutions Holdings, L.P.*, 176 F. Supp. 3d 387, 394 (D. Del. 2016) (cleaned up).

The difference between the present situation and the one in *Universal* is that the complaint in *Universal* alleged specific allegations regarding the individual corporate officers conduct and statements. *See* C.A. No. 13-1741-RGA, D.I. 39, ¶¶ 139, 147 (alleging that a specific individual defendant made numerous oral misrepresentations at three specific meetings with the board of directors); ¶¶ 90-91, 107 (alleging that an individual defendant signed the merger agreement on behalf of the company and certified that the representations were correct when they were actually fraudulent, all while acting as the agent of the company).  With respect to one individual defendant, the *Universal* Court found the allegations insufficient because, rather than setting forth "individualized allegations," the complaint "lumps [defendant] together with [the other individual defendants], making only vague allegations about his participation in preparing certain documents and presentations." *Universal American.*, 176 F. Supp. 3d at 394-95 (noting that allegations such as "[Defendant I], [Defendant 2], and [Defendant 3] collectively prepared and delivered a presentation," and "[Defendant I], [Defendant 2], and [Defendant 3] created and delivered a presentation," were insufficient as against Defendant 2 under *Janus*).

Here, the allegations as to Mr. Li are less specific than those found to be insufficient for defendant 2 in *Universal*. Therefore, as Judge Hatcher recommends, Count I and any claim that Mr. Li violated § 10(b) should be dismissed against Mr. Li.

### iii. Mr. Li Also Was Not the Maker of Any Alleged Misstatements Because None of the Statements in the Complaint Were Expressed by Mr. Li.

"The PSLRA requires [a plaintiff] to specify the role of each defendant, demonstrating each Defendant's involvement in misstatements and omissions." *Winer Family Tr. v. Queen*, 503 F .3d 319, 335-36 (3d Cir. 2007). In suits involving multiple defendants, "securities fraud plaintiffs

7

[must] distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." *In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 649 n.57 (E.D. Va. 2000) (internal quotations omitted).

As the Supreme Court explained in *Janus*, only the "maker" of a fraudulent statement may be held liable under § 10(b). *Janus Capital Grp., Inc.*, 564 U.S. at 142. The maker of a statement is a "person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Id*. Although nothing in *Janus* precludes a single statement from having multiple makers (*see Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408, 427 (7th Cir. 2015), a "complaint should lay out, <u>*with particularity*</u>, each fraudulent statement or representation, its materiality, which specific defendant made the representation, when it was made, why it was false or misleading, scienter, and explain how [the plaintiff] relied on it." *Universal Am. Corp. v. Partners Healthcare Solutions Holdings*, L.P., 61 F. Supp. 3d 391, 397 (D. Del. 2014) (emphasis added).

Plaintiffs failed to state with any particularity whatsoever what statements Mr. Li made which constituted a violation of § 10(b). Instead, Plaintiffs grouped together all of the individual Defendants in their Amended Complaint and used catch-all, blanket assertions that these Defendants made false statements which do not meet the particularity requirements of either the PSLRA, Rule 9(b), or the Exchange Act. Plaintiffs' Amended Complaint asserts no individualized allegations at Mr. Li. Instead, the Amended Complaint groups Mr. Li and the other individual defendants together and broadly and asserts that they are responsible for making alleged fraudulent statements because "the Proxy and FIII's other SEC filings materially misrepresented" important facts. *See* D.I. 23 ¶ 6. As identified by Judge Hatcher in Her Honor's Report and Recommendation, there is *only one* example of these kinds of blanket allegations made by Plaintiffs in their Amended

Complaint, which sought to accredit statements made in the proxy statement as statements made directly by the individual Defendants:

> The Proxy stated that ELM's senior executives zero or *de minimus* compensation in 2020, when in fact these executives had received hundreds of millions *[sic]* dollars in stock-based compensation. The Proxy likewise concealed the massive expense associated with ELM's sale of 99,000 shares at prices well below fair market value, materially overstating ELM' s 2020 financial performance by understating the Company's expenses and operating losses by over $800 million, all in violation of GAAP. The Proxy disclosed only the issuance of 99,000 shares at $10 per share, with no disclosure concerning the far-higher value of those shares. The Proxy also failed to disclose that this "sale" below fair value to defendants Luo and Taylor was in face a massive compensation award, and it did not disclose any associated expense by ELM. Nor did the Proxy disclose defendant Luo's further sale of 1,000 shares at $10 per share to two members of ELM's senior management in December 2020 . . . The Proxy and other SEC filings likewise touted the value to the business of ELM's senior executives – particularly defendants' Luo and Taylor - without disclosing their involvement in and receipt of hundreds of millions of dollars in secret compensation from ELM, which threatened to, and ultimately did, force these executives out of the Company.

D.I. 75 at p. 14 (quoting D.I. 23 at ₽₽ 6-7). As pled in Plaintiffs' Amended Complaint, the "maker" of those statements are *the documents*, not Mr. Li nor the other individual Defendants. Further, the Amended Complaint does not allege that Mr. Li drafted the Proxy filed by FIII, so in no way can Mr. Li be considered the maker of these statements.

**b. Count II Against Mr. Li, Alleging He Violated § 20(a), Should be Dismissed Because it is Derivative of a § 10(b) Claim, Which Should be Properly Dismissed as Stated Above.**

The § 20(a) claim in this matter is derivative of the § 10(b) claim. *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 177 (3d Cir. 2014) ("[s]ection 20(a) of the Exchange Act creates a cause of action against individuals . . . who ha[ve] committed a section 10(b) violation . . . . Because [Plaintiffs] have failed to adequately plead a predicate section 10(b) violation, their section 20(a) claim must be dismissed.") (citing 15 U.S.C. § 78t(a); *Avaya*, 564 F.3d at 252); s*ee also Rahman v. Kid Brands, Inc.*, 736 F.3d 237, 247 (3d Cir. 2013) (holding that liability under §

20(a) "is derivative of an underlying violation" of § 10(b).). Accordingly, and for the reasons set forth above, because the § 10(b) claim should be dismissed against Mr. Li, the § 20(a) claim must also be dismissed against Mr. Li.

### CONCLUSION

For the reasons stated above and as set forth in Magistrate Judge Hatcher's well-reasoned Report and Recommendation, Mr. Li respectfully requests that this Court overrule Plaintiffs' Objections and adopt Magistrate Judge Hatcher's Report and Recommendation in full.

Respectfully submitted,

**BERGER MCDERMOTT LLP**

*Of Counsel*:

*/s/ Zachary J. Schnapp*
Michael W. McDermott (No. 4434)
Peter C. McGivney (No. 5779)
**BRENNAN, MANNA & DIAMOND LLC**
Zachary J. Schnapp (No. 6914)
Marlon A. Primes (*pro hac vice*)
1105 N. Market Street, 11th Floor
200 Public Square, Suite 1850
Wilmington, Delaware 19801
Cleveland, Ohio 44114
(302) 655-1140 telephone
(216) 306-3047
(302) 655-1131 facsimile
maprimes@bmdllc.com
mmcdermott@bergermcdermott.com
pmcgivney@bergermcdermott.com
zschnapp@bergermcdermott.com

Dated: March 7, 2025
*Attorneys for Defendant Albert Li*

10