**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SHMUEL LEVY, Individually and on
Behalf of All Others Similarly Situated,

               Plaintiff,

      v.

JASON LUO, JAMES TAYLOR, ALBERT
LI, MARSHALL KIEV, DAVID BORIS,
and BDO USA, LLP,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:23-cv-00653-GBW

<u>CLASS ACTION</u>

**DEFENDANTS DAVID BORIS AND MARSHALL KIEV'S
RESPONSE TO LEAD PLAINTIFFS' OBJECTIONS TO THE
<u>REPORT AND RECOMMENDATION OF JUDGE LAURA D. HATCHER</u>**

SCHINDLER COHEN & HOCHMAN LLP
Jonathan L. Hochman
Karen M. Steel
J. Marcos Otazu Jara
100 Wall Street, 15th Floor
New York, NY 10005
(212) 277-6300
jhochman@schlaw.com
ksteel@schlaw.com
jmotazu@schlaw.com

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
Tammy L. Mercer (No. 4957)
Lakshmi A. Muthu (No. 5786)
M. Paige Valeski (No. 6336)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
tmercer@ycst.com
lmuthu@ycst.com
pvaleski@ycst.com

*Attorneys for Defendants David Boris and
Marshall Kiev*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

SUMMARY OF ARGUMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

I.     FIII and ELM Agree to Merge and ELM Agrees to Supply Audited Financials ................... 3

II.   The Proxy Contains ELM's Financial Statements, Which Were Provided by ELM and Audited by BDO ................................................................................... 4

III.  ELMS Announces That It Was Evaluating ELM's Pre-Merger Accounting ......................... 4

IV.  The R&R Recommends Dismissing the Complaint Against Boris and Kiev for Failing to Allege That They Acted with Scienter ................................................. 5

ARGUMENT ....................................................................................................................... 5

I.     Legal Standard ............................................................................................................. 5

II.   The R&R Correctly Finds That the Complaint Fails to Plead That Boris and Kiev Acted with Scienter, and Plaintiffs' Objections Should Be Rejected ..................................... 6

        A.   Plaintiffs' Due Diligence Arguments Are Deficient ........................................... 6

        B.   The Complaint's Motive Allegations Also Fail ..................................................... 7

        C.   BDO's Clean Audit Also Supports Dismissal ........................................................ 8

III.  The R&R Correctly Recommends Dismissal of Plaintiffs' Section 20(a) Claim ................... 9

IV.  The Court Should Deny Plaintiffs' Request to Amend the Complaint ................................ 10

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Belmont v. MB Inv. Partners, Inc.*,
    708 F.3d 470 (3d Cir. 2013)........................................................................................10

*City of Edinburgh Council v. Pfizer, Inc.*,
    754 F.3d 159 (3d Cir. 2014).........................................................................................9

*City of Roseville Emps. Ret. Sys.* v. *Horizon Lines, Inc.*,
    686 F. Supp. 2d 404 (D. Del. 2009).........................................................................7, 9

*Goney v. Clark*,
    749 F.2d 5 (3d Cir. 1984).............................................................................................5

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
    62 F. Supp. 3d 368 (D. Del. 2014)...............................................................................5

*Mehedi v. View, Inc.*,
    No. 21-CV-06374-RLF, 2023 WL 3592098 (N.D. Cal. May 22, 2023) ....................7

*In re Nat'l Collegiate Student Loan Trs. 2003-1, 2004-1, 2004-2, 2005-1, 2005-2,*
    *2005-3*, 971 F.3d 433 (3d Cir. 2020) ..........................................................................9

*Institutional Investors Grp. v. Avaya, Inc.*,
    564 F.3d 242 (3d Cir. 2009).........................................................................................7

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000).......................................................................................10

*Ortiz v. Canopy Growth Corp.*,
    537 F. Supp. 3d 621 (D.N.J. 2021) ..............................................................................8

*Roofer's Pension Fund v. Papa*,
    No. 16-2805, 2018 WL 3601229 (D.N.J. July 27, 2018) ............................................8

*In re Suprema Specialties Inc. Sec. Litig.*,
    438 F.3d 256 (3d Cir. 2006).........................................................................................7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).....................................................................................................6

**Statutes**

PSLRA ......................................................................................................................................6

iii

Section 10(b) of the Securities Exchange Act of 1934 ...........................................................2, 5, 9

Section 20(a) of the Securities Exchange Act of 1934 ......................................................2, 5, 9, 10

## NATURE AND STAGE OF THE PROCEEDINGS

Defendants David Boris ("Boris") and Marshall Kiev ("Kiev") respectfully submit this response to the Lead Plaintiffs' Objections (the "Objections," D.I. 76) to the Report and Recommendation (the "R&R," D.I. 75) of Magistrate Judge Hatcher recommending the dismissal of the Amended Class Action Complaint (the "Complaint" or "FAC," D.I. 23) in its entirety.

## SUMMARY OF ARGUMENT

The Court should adopt Judge Hatcher's well-reasoned R&R to dismiss the Complaint because she correctly finds that Plaintiffs failed to allege scienter against Boris and Kiev. Plaintiffs' single-paragraph objection to the R&R's findings on scienter does not move the needle because Plaintiffs cannot escape the fatal flaw in the Complaint: that it fails to allege a single fact suggesting that Boris and Kiev knew about—or even should have known about—some allegedly faulty accounting in the *audited* financial statements of Electric Last Mile, Inc. ("ELM")—a target company that they neither owned nor managed.

This is a putative securities fraud class action arising out of a merger (the "Merger") between Forum Merger III Corporation ("FIII"), and its acquisition target, ELM, which resulted in the post-merger entity Electric Last Mile Solutions, Inc. ("ELMS"). Boris and Kiev are the former managers of FIII, a special purpose acquisition company ("SPAC") formed for the purpose of locating and merging with an operating company like ELM. In this action, Plaintiffs—investors in FIII through a PIPE offering that closed just prior to the Merger—have sued Boris and Kiev, along with others, alleging that a technical accounting error in pre-Merger ELM's financial statements constituted a misrepresentation. That purported error relates to ELM insiders' purchases of ELM shares in November and December 2020 (the "Equity Transactions") and whether ELM's accounting for these transactions comported with generally accepted accounting

principles ("GAAP").    In alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Plaintiffs speculate that Boris and Kiev knew about, and turned a blind eye to, the supposedly improper accounting for the Equity Transactions, even though the ELM financial statements received a clean audit opinion from accounting firm BDO Seidman ("BDO").

The R&R correctly finds that Plaintiffs failed to allege reckless or conscious behavior by Boris and Kiev; the Complaint contained no facts suggesting that Boris and Kiev knew or had reason to know that ELM allegedly engaged in a fraudulent transaction and, thus, acted with scienter. R&R at 25. First, Judge Hatcher properly rejects Plaintiffs' deficient allegations "that Boris and Kiev had access to or should have discovered information that should have indicated to them that ELM's financials were incorrect" because "more is required." *Id*. Plaintiffs improperly "group Boris and Kiev with ELM officers"—a tactic that has been "explicitly rejected" by the Third Circuit. *Id*. (quoting *Bartesch v. Cook*, 941 F. Supp. 2d 501, 510 (D. Del. 2013)). Second, Plaintiffs' argument that "had Boris and Kiev conducted robust due diligence they would have uncovered the alleged deception" also fails, as this Court has rejected identical arguments regarding SPAC managers. *Id*. at 26 (citing *Starr Investments Cayman II, Inc. v. China MediaExpress Holdings, Inc.,* No. 11-233-RGA, 2014 WL 4180331 at, *3 (D. Del. Aug. 21, 2014)). Third, equally unavailing is Plaintiffs' argument that Boris and Kiev stood to profit handsomely from the Merger—an attribute common to *all* SPAC managers. As Judge Hatcher finds, allegations setting forth "generalized motives attributable to any interested person [are] insufficient" to plead scienter. *Id*. at 27 (citing *GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 337 (3d Cir. 2004)). Fourth and finally, the R&R correctly finds that BDO's clean audit opinion was yet another factor weighing against scienter, because it means Boris and Kiev had ample reason to rely on ELM's financials. *See id*.

2

In their Objections to Judge Hatcher's thorough and informed R&R, Plaintiffs dedicate a single paragraph, less than one half of one page, to their argument against Boris and Kiev, regurgitating two conclusory points from their Complaint: (1) that Boris and Kiev "negotiated the letter of intent" and "conducted due diligence" on ELM and, thus, acted with scienter; and (2) they were "financially motivated" to commit fraud because they stood to gain "approximately $64 million." Objections at 10 (citing FAC ¶ 109). But these precise arguments were considered—and rejected—by Judge Hatcher, and Plaintiffs fail to explain how her R&R got it wrong. Plaintiffs' half-hearted repetition of the arguments Judge Hatcher rejected is not enough to overcome her findings in the R&R.

Thus, the Court should reject the Objections, adopt the R&R, and dismiss the Complaint.

## STATEMENT OF FACTS

### I.    FIII and ELM Agree to Merge and ELM Agrees to Supply Audited Financials

Boris and Kiev were co-Chief Executive Officers of FIII, a SPAC formed in June 2019. FIII completed its IPO on August 21, 2020 (FAC ¶ 30) and, in September 2020, executed a letter of intent to merge with ELM. On December 10, 2020, FIII and ELM, along with other relevant related parties, entered an Agreement and Plan of Merger (the "Merger Agreement"). FAC ¶ 34. The Merger Agreement, *inter alia*, required ELM to provide to FIII year-end 2020 audited financial statements prepared in accordance with GAAP for inclusion in a forthcoming proxy statement, and required ELM to "ensure that none of the information supplied by or on its behalf for inclusion or incorporation by reference in the Proxy [] will . . . contain any untrue statement of a material fact or omit to state any material fact." D.I. 43-1, Ex. 4 § 5.23 § 5.5(d); FAC ¶ 34.

Also on December 10, 2020, FIII entered into subscription agreements (collectively, the "Subscription Agreements") with certain third-party investors ("PIPE Investors"), pursuant to

3

which FIII agreed to issue and sell to the PIPE Investors an aggregate of 13 million shares of FIII at $10.00 per share (the "PIPE Investment").  FAC ¶¶ 35, 44.

## II.    The Proxy Contains ELM's Financial Statements, Which Were Provided by ELM and Audited by BDO

On June 9, 2021, FIII filed its definitive proxy statement (the "Proxy") for the proposed merger.  *Id*. ¶ 43.  The Proxy contained ELM's financial information, including, as relevant here, ELM's audited financial statements for the period ended December 31, 2020.  *Id*. ¶ 7.  The Proxy is clear that such financial information "***has been provided by ELM and its management team***." D.I. 43-1, Ex. 3 at 10 (emphasis added).  Neither Boris nor Kiev was involved in ELM's preparation of its financial statements, and the FAC does not allege otherwise.  As the FAC further concedes, BDO issued a clean audit opinion of the ELM financial statements included in the Proxy, concluding that these financial statements "present fairly, in all material respects, the financial position of the Company at December 31, 2020, and the results of its operations and its cash flows for the period from August 20, 2020 (inception) through December 31, 2020, in conformity" with GAAP.  FAC ¶ 64.

On June 24, 2021, the Merger was approved by the FIII stockholders and the PIPE Offering closed.  *Id*. ¶ 44.  The Merger closed the following day.  *Id*. ¶ 45.

## III.    ELMS Announces That It Was Evaluating ELM's Pre-Merger Accounting

On February 1, 2022, ELMS filed a Form 8-K (the "February 2022 8-K") announcing that, in connection with an independent investigation launched by a special committee of ELMS's board, Defendants Luo and Taylor (ELMS's two most senior leaders) had resigned.  D.I. 43-1, Ex. 6 at 2.  It also disclosed that ELMS had concluded that certain ELM executives had "directly or indirectly purchased and sold equity in [ELM]" at discounted values shortly before the December 10, 2020 Merger Agreement, and certain prior financial statements, including its 2020 audited

financial statements, should no longer be relied on. *Id*. at 3. The February 2022 8-K also stated that ELMS was "further evaluating" whether the Equity Transactions were properly disclosed and accounted for. *Id*. It does not state that FIII (or Boris or Kiev) were involved in, or knew of, these purported accounting issues. On June 13, 2022, ELMS filed for Chapter 7 bankruptcy. FAC ¶ 14.

## IV.     The R&R Recommends Dismissing the Complaint Against Boris and Kiev for Failing to Allege That They Acted with Scienter

On June 14, 2023, named Plaintiff Shmuel Levy commenced this action on behalf of himself and similarly situated PIPE Investors, alleging only Section 20(a) claims against Boris and Kiev in connection with ELM's accounting for the Equity Transactions. D.I. 1 ¶¶ 124–25. On November 14, 2023, Plaintiffs filed the FAC, which alleged for the first time Section 10(b) claims against Boris and Kiev. FAC ¶¶ 154–59. However, as with the original complaint, the FAC failed to make any substantive allegations that Boris or Kiev participated in, knew about, or even had reason to know of, any problems with ELM's accounting for the Equity Transactions.

On February 7, 2025, Judge Hatcher entered the R&R recommending dismissal of the Complaint. The R&R recommended dismissal of the claims against Boris and Kiev on the grounds that the Complaint failed to adequately plead that they acted with scienter. R&R at 24–27.

## ARGUMENT

## I.     Legal Standard

When objections to a report and recommendation have been filed, the Court must make a *de novo* determination of those portions of the report to which ***specific*** objections are made. *See Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 375–76 (D. Del. 2014) (emphasis added) (citing Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)). "General or blanket objections do not comply with Rule 72(b) and need not be addressed by the district court." *Id.* (citation omitted); *see also Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) ("a district

court need not conduct a *de novo* determination if objections are not timely . . . or not specific")
(internal citations omitted).

## II.    The R&R Correctly Finds That the Complaint Fails to Plead That Boris and Kiev Acted with Scienter, and Plaintiffs' Objections Should Be Rejected

Judge Hatcher correctly finds that Plaintiffs' allegations are insufficient to show scienter against Boris and Kiev.  Under the PSLRA, "plaintiffs must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'"  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) (quoting 15 U.S.C. § 78u–4(b)(2)).  This standard is met "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  *Id*. at 324.

### A.  Plaintiffs' Due Diligence Arguments Are Deficient

The Complaint fails to plead that Boris or Kiev had access to or should have discovered information that should have indicated to them that ELM's financials were incorrect.  R&R at 25–26.  Plaintiffs do not explain why Boris and Kiev, as principals of **FIII**, would have the same knowledge as the principals of ELM about **ELM's** accounting of the 2020 Equity Transactions. *See* FAC ¶ 106.  Thus, Plaintiffs improperly grouped Boris and Kiev with ELM officers without specifying Boris or Kiev's individual involvement with any misstatements or omissions.  R&R at 25–26 (citing *Bartesch,* 941 F. Supp. 2d at 510 (holding that "group pleading" is incompatible with the PSLRA's requirement to specify the role of each defendant in the misstatements or omissions) (citing *Winer Family Trust v. Queen,* 503 F.3d 319, 335–37 (3d Cir. 2007)).

Plaintiffs attempt to address this issue by arguing that because Boris and Kiev "negotiated the letter of intent" and "conducted due diligence" on ELM, they somehow knew or should have known about the alleged accounting improprieties and, thus, acted with scienter.  Objections at 10. However, in so doing, Plaintiffs merely parrot this conclusory point from the Complaint and ignore

6

altogether the R&R's analysis of this very issue. As the R&R correctly finds, "'[a]llegations that [management] should have known that [another company's] financial information was fraudulent is insufficient to plead recklessness under § 10(b) and Rule 10b-5.'" R&R at 26 (citing *Starr*, 2014 WL 4180331, at *3 and *McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 129 (S.D.N.Y. 2013)). Courts in this Circuit have routinely rejected such allegations, particularly where, as here, there are no allegations that defendants "had access to information [in due diligence] which would have allowed them to discover" the alleged fraud. *City of Roseville Emps. Ret. Sys.* v. *Horizon Lines, Inc.*, 686 F. Supp. 2d 404, 423 (D. Del. 2009); *see also In re Suprema Specialties Inc. Sec. Litig.*, 438 F.3d 256, 282 (3d Cir. 2006) (allegations that defendants failed to conduct an adequate review were insufficient to allege scienter).[1] Plaintiffs still have not identified any information in due diligence that would have alerted Boris and Kiev to potential accounting violations and, accordingly, their vague and conclusory Objections are deficient.

### B. The Complaint's Motive Allegations Also Fail

Plaintiffs' second argument—that Boris and Kiev were financially motivated to commit fraud—fares no better. As the R&R recognized, the Third Circuit has made clear that "motive and opportunity" allegations are not sufficient as a means of independently establishing scienter and, at best, can be "considered along with all other allegations in the complaint." R&R at 27 (citing *Institutional Investors Grp. v. Avaya, Inc.,* 564 F.3d at 276). Furthermore, Plaintiffs' allegations of generalized motives that are attributable to any interested person are insufficient under the law

---

[1] To the extent the FAC suggests that the magnitude of the accounting error should have served as a red flag to Kiev and Boris during due diligence, that is also insufficient as a matter of law. R&R at 26 n.7 (citing *In re Hertz Glob. Holdings Inc.*, 905 F.3d 106, 116 (3d Cir. 2018) ("significant accounting errors [are] insufficient by [themselves] to give rise to a strong inference of scienter") (internal quotation marks and citation omitted)). And that ELM's own auditor failed to detect any error proves that the violation could not have been "so basic that a court can infer scienter from the mere fact [that the transaction] was reported improperly." *Mehedi v. View, Inc.*, No. 21-CV-06374-RLF, 2023 WL 3592098, at *19 (N.D. Cal. May 22, 2023) (citation omitted).

to plead scienter. *Id.* (quoting *GSC Partners,* 368 F.3d at 237 ("In every corporate transaction, the corporation and its officers have a desire to complete the transaction, and officers will usually reap financial benefits from a successful transaction.")); *see also Avaya*, 564 F.3d at 277–78 ("[m]otives that are generally possessed by most corporate directors and officers do not suffice"). Plaintiffs do not argue that the R&R incorrectly states the law, nor do they explain how Judge Hatcher's application of the alleged facts to the law is incorrect. Instead, they merely parrot their conclusory allegations that Boris and Kiev were financially motivated to consummate the Merger—which is common to all SPAC directors—essentially admitting that their pleadings are insufficient.

## C. BDO's Clean Audit Also Supports Dismissal

Finally, although Plaintiffs continue to readily admit that BDO gave a clean audit opinion on ELM's financials (*see* Objections at 7) they ignore altogether the implications of this clean audit on their scienter argument: that Boris and Kiev had good reason to believe that the accounting for the Equity Transactions was proper. As the R&R acknowledged, BDO's clean audit opinion further bolsters the Complaint's lack of scienter. *See* R&R at 27; *see also Ortiz v. Canopy Growth Corp.*, 537 F. Supp. 3d 621, 678 (D.N.J. 2021) (that "an independent auditor evaluated [the] financial statements and approved of them . . . in itself, weighs heavily against scienter"); *Roofer's Pension Fund v. Papa*, No. 16-2805, 2018 WL 3601229 at *20 (D.N.J. July 27, 2018) ("approval of an independent auditor is strongly probative of a lack of scienter").[2]

Accordingly, the R&R correctly finds that Plaintiffs failed to adequately allege scienter against Boris and Kiev and, accordingly, the Complaint should be dismissed.

---

[2]    The Court should adopt the R&R's conclusion that Plaintiffs failed to allege scienter for the additional reason that FIII's management team purchased 500,000 FIII shares in the open market at then-prevailing market prices (*see* D.I. 43-1, Ex. 1 at 1), which demonstrates that FIII's management team invested their own money in a deal they believed was a good one and knew nothing about any alleged GAAP violations.

**III.    The R&R Correctly Recommends Dismissal of Plaintiffs' Section 20(a) Claim**

Because the R&R correctly recommends dismissal of Count I as against Boris and Kiev for failure to state a Rule 10b-5 and § 10(b) claim against them, the R&R also correctly recommends that Count II be dismissed against Boris and Kiev because liability under § 20(a) is derivative. *See City of Edinburgh Council v. Pfizer, Inc.,* 754 F.3d 159, 177 (3d Cir. 2014).

Plaintiffs assert that this finding is in error because the Complaint adequately alleges predicate Section 10(b) violations by, *inter alia*, FIII/ELMS, which issued the Offering Memorandum and the Proxy. Objections at 10. As an initial matter, Plaintiffs failed to raise this issue before Judge Hatcher and, accordingly, have waived this argument. *See In re Nat'l Collegiate Student Loan Trs. 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 444 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections . . . are deemed waived." (citation omitted)); *see also* Standing Order ¶ 5.

Further, Plaintiffs' new argument does not make sense with respect to Boris or Kiev. To plead a Section 10(b) claim against a corporate entity, a plaintiff must plead with particularity that an officer of that entity engaged in violative conduct, with scienter, that could then be imputed to the company. *See Roseville*, 686 F. Supp. 2d at 421 ("When a plaintiff brings § 10(b) and Rule 10b–5 claims against a corporate defendant, we must determine whether plaintiffs have adequately pleaded the requisite state of mind on the part of an individual officer alleged to have made . . . false or misleading statements on behalf of the corporation." (citation omitted)). But, as discussed above, the Complaint fails to allege that Boris or Kiev (*i.e.*, the only officers of FIII) acted with scienter and, thus, it necessarily also fails to allege a Section 10(b) claim against FIII itself.

In any event, Plaintiffs fail to allege the requirements of a Section 20(a) claim against Boris and Kiev, thus providing an additional reason that Judge Hatcher's recommendation of dismissal should stand. The Complaint does not allege culpable participation by Boris and Kiev, which

9

requires allegations of "actual knowledge of the fraudulent activity." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 485–86 (3d Cir. 2013). Plaintiffs' assertions concerning culpable participation, which echo their deficient arguments concerning scienter, fail to establish that Boris and Kiev had actual knowledge of ELM's alleged accounting errors.

Moreover, Plaintiffs' conclusory allegation that all "Individual Defendants acted as controlling persons of ELM and/or ELMS," (FAC ¶ 161) fails to establish control person liability against Boris and Kiev. First, the Complaint does not expressly allege a Section 20(a) claim against Boris and Kiev based on their control over FIII. Second, it does not allege that Boris and Kiev controlled ELM—a target company they did not own or run. Third, Plaintiffs cannot allege a primary violation against ELMS for the simple fact that this post-Merger entity did not even exist until after the alleged pre-Merger fraud concerning ELM's accounting was complete.

## IV.    The Court Should Deny Plaintiffs' Request to Amend the Complaint

In a last-ditch effort to salvage their case, Plaintiffs request leave to amend the Complaint, asserting that leave to amend shall be "freely give[n]." Objection at 10, n.8 (citing Fed. R. Civ. P. 15(a)(2)). Plaintiffs fail to provide any new facts or explain how amending the Complaint a second time would cure the myriad defects throughout and, accordingly, the Court should deny their request. *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000) ("[A] District Court may deny leave to amend on the grounds . . . that amendment would be futile.").

**CONCLUSION**

Defendants Boris and Kiev respectfully request that the Court: adopt the R&R of Judge Hatcher; reject the Objections by Plaintiffs; deny Plaintiffs' request for leave to amend the Complaint; and grant such other relief as the Court deems just.

10

Dated: March 7, 2025

OF COUNSEL:

SCHINDLER COHEN & HOCHMAN LLP
Jonathan L. Hochman
Karen M. Steel
J. Marcos Otazu Jara
100 Wall Street, 15th Floor
New York, NY 10005
(212) 277-6300
jhochman@schlaw.com
ksteel@schlaw.com
jmotazu@schlaw.com

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

*/s/ Tammy L. Mercer*
Tammy L. Mercer (No. 4957)
Lakshmi A. Muthu (No. 5786)
M. Paige Valeski (No. 6336)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
tmercer@ycst.com
lmuthu@ycst.com
pvaleski@ycst.com

*Attorneys for Defendants David Boris and Marshall Kiev*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2025, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

### BY EMAIL

FRIEDLANDER & GORRIS, P.A.
Jeffrey M. Gorris (Bar No. 5012)
David Hahn (Bar No. 6417)
1201 N. Market Street, Suite 2200
Wilmington, DE 19801
(302) 573-3508
*jgorris@friedlandergorris.com*
*dhahn@friedlandergorris.com*

ROBBINS GELLER RUDMAN
& DOWD LLP
Brian E. Cochran
655 West Broadway, Suite 1900
San Diego, CA 92101
*bcochran@rgrdlaw.com*

ROBBINS GELLER RUDMAN
& DOWD LLP
Samuel H. Rudman
Mary K. Blasy
58 South Service Road, Suite 200
Melville, NY 11747
*srudman@rgrdlaw.com*
*mblasy@rgrdlaw.com*

ROBBINS GELLER RUDMAN
& DOWD LLP
Desiree Cummings
C. Chad Johnson
Noam Mandel
Jonathan Zweig
420 Lexington Avenue, Suite 1832
New York, NY
*dcummings@rgrdlaw.com*
*chadj@rgrdlaw.com*
*noam@rgrdlaw.com*
*jzweig@rgrdlaw.com*

*Attorneys for Lead Plaintiffs*

*/s/Tammy L. Mercer*
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Tammy L. Mercer (No. 4957 )
Lakshmi A. Muthu (No. 5786)

M. Paige Valeski (No. 6336)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
tmercer@ycst.com
lmuthu@ycst.com
pvaleski@ycst.com

*Attorneys for Defendants Marshall Kiev and David Boris*