**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SHMUEL LEVY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> JASON LUO, JAMES TAYLOR, ALBERT LI, MARSHALL KIEV, DAVID BORIS, and BDO USA, LLP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:23-cv-00653-GBW

CLASS ACTION

## LEAD PLAINTIFFS' NOTICE OF SUBSEQUENT AUTHORITY

Pursuant to District of Delaware Local Rule 7.1.2(b), Lead Plaintiffs respectfully submit this Notice of Subsequent Authority to advise the Court of a recent text order issued by the Honorable Michael E. Farbiarz in the U.S. District Court for the District of New Jersey in *In re Electric Last Mile Solutions, Inc. Securities Litigation*, No. 2:22-cv-00545 (MEF) (LDW) (D.N.J. Nov. 5, 2025) ("*In re ELMS*") (ECF No. 171) (the "*In re ELMS* Text Order"). *In re ELMS* involves the same claims on behalf of open-market purchasers of common stock that are asserted here on behalf of purchasers in a private investment in public equity ("PIPE") offering – *i.e.*, both actions assert claims under Section 10(b) of the Securities Exchange Act of 1934 against Defendant BDO USA, LLP ("BDO") arising from the same audit of the same now-bankrupt company.

As previously explained, Magistrate Judge Hatcher erred in finding – in direct opposition to Judge Farbiarz's ruling in *In re ELMS* – that Defendant BDO's statements regarding its audit and the resultant financial statements were inactionable statements of opinion. *See* Lead Plaintiffs' Objections to Report and Recommendation at 1, 3-9 (ECF No. 76).

- 1 -

{FG-W0525279.}

- 2 -

Not long after Magistrate Judge Hatcher issued her recommendation to dismiss the claims against BDO, plaintiffs in *In re ELMS* submitted their proposed settlement with BDO to Judge Farbiarz.  In the *In re ELMS* Text Order issued in connection with evaluating the fairness of that proposed settlement, Judge Farbiarz noted that "the proposed settlement is a small fraction of the overall loss amount" and explained:

> The alleged accounting error here appears to be one that, a jury could find, was easily spotted, not especially complex, and highly consequential. That suggests a meaningful possibility a jury could conclude BDO's departure from the relevant standards was "extreme," . . . and that PSLRA damages-apportionment principles weigh in favor of a meaningful recovery as to BDO.

{FG-W0525279.}

**FRIEDLANDER & GORRIS, P.A.**


*/s/ Jeffrey M. Gorris*

Jeffrey M. Gorris (Bar No. 5012)
David Hahn (Bar No. 6417)
1201 N. Market Street, Suite 2200
Wilmington, DE 19801
(302) 573-3508
jgorris@friedlandergorris.com
dhahn@friedlandergorris.com

*Liaison Counsel for the Class*

**ROBBINS GELLER RUDMAN
  & DOWD LLP**

Chad Johnson (admitted *pro hac vice*)
Noam Mandel (admitted *pro hac vice*)
Desiree Cummings (admitted *pro hac vice*)
Jonathan Zweig (admitted *pro hac vice*)
420 Lexington Avenue, Suite 1832
New York, NY 10170
(212) 432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
dcummings@rgrdlaw.com
jzweig@rgrdlaw.com

*Lead Counsel for the Class*

DATED:  November 12, 2025

- 3 -

{FG-W0525279.}