IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHMUEL LEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JASON LUO, JAMES TAYLOR, ALBERT LI, MARSHALL KIEV, DAVID BORIS, and BDO USA, LLP,<br><br>Defendants. | Civil Action No. 23-653-GBW |

## MEMORANDUM ORDER

On November 14, 2023, Plaintiffs filed an Amended Class Action Complaint alleging that Defendant BDO USA, LLP ("BDO" or "Defendant") and others committed securities fraud under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. D.I. 23. On January 12, 2024, BDO filed its Motion to Dismiss Amended Class Action Complaint ("BDO's Motion"). D.I. 38. In its Memorandum of Law in Support, BDO contended that the Amended Complaint fails to allege, with respect to BDO, (1) any actionable statements, (2) scienter, and (3) reliance. D.I. 39. On February 7, 2025, Magistrate Judge Laura D. Hatcher ("Judge Hatcher") entered a Report and Recommendation ("Report and Recommendation") (D.I. 75) recommending that the Court grant Defendant BDO's Motion. D.I. 38. In particular, Judge Hatcher recommended that the Court hold that BDO's statements were unactionable opinions. D.I. 75 at 18-24. Since Judge Hatcher recommended that BDO's statements were unactionable opinions, she did not address BDO's remaining arguments regarding scienter and reliance. *See* D.I. 75.

On December 5, 2025, this Court entered a Memorandum Opinion that sustained-in-part and overruled-in-part Judge Hatcher's Report and Recommendation. D.I. 86; *see also* D.I. 87. The Court agreed that BDO's statements were opinions, but held that the Amended Complaint sufficiently alleges that the opinions are actionable. In particular, the Court explained that "an opinion is actionable only if: (1) the speaker did not sincerely hold the stated belief at the time made; (2) the opinion contains embedded statements of fact that were untrue; or (3) the opinion reasonably implies untrue facts and omits qualifying language." D.I. 86 at 11-12 (citing D.I. 75 at 18 (citing *Omnicare, Inc. v. Labs. Dist. Council Construction Indus. Pension Fund.*, 575 U.S. 175, 184-86 (2015))). Having reviewed the Amended Complaint (D.I. 23), the Court held that the Amended Complaint sufficiently alleges, with particularity, that BDO "did not sincerely believe the statements in its Audit or the statement that it complied with the auditing standards." D.I. 86 at 12-13. Having found that the Amended Complaint satisfies the first *Omnicare* condition, the Court held that the Amended Complaint sufficiently alleges that BDO's statements are actionable. D.I. 86 at 13.

In the Court's Order accompanying its Memorandum Opinion, the Court instructed the parties to file a letter "identifying what, if any, issues remain with respect to BDO's Motion." D.I. 87 at 2. In their letter submitted to the Court, BDO contends that two issues remain (i.e., scienter and reliance). D.I. 89 at 2-3. Plaintiffs contend that no issues remain. D.I. 89 at 1-2. The Court addresses each in turn.

I. **Scienter**

Defendant contends that the Court has not yet resolved its contentions regarding scienter. D.I. 89 at 2. Plaintiffs, on the other hand, appear to contend either that the Court's falsity holding (i.e., the holding that BDO's opinions are actionable) necessarily controls or preempts the scienter

analysis, or that the same logic for the Court's falsity holding can be employed to reach a similar holding for scienter. D.I. 89 at 1-2. Having considered the parties' arguments, the Court does not hold that its falsity holding controls or preempts its scienter holding and, thus, considers the arguments raised in BDO's Motion. However, the Court's scienter analysis is similar to the Court's falsity analysis. *See In re BP P.L.C. Sec. Litig.*, No. 4:10-MD-2185, 2016 U.S. Dist. LEXIS 73721, at *81 (S.D. Tex. May 31, 2016) (remarking that any "inquiry into the falsity of an opinion . . . goes hand in hand with analysis of scienter").

In particular, "the Amended Complaint alleges, with particularity, the material facts that BDO knew of the auditing standards that required examination of the transactions at issue and, notwithstanding, failed to comply." D.I. 86 at 12-13 (citation omitted).[1] These allegations, as observed by Plaintiffs (D.I. 89 at 1), sufficiently support Plaintiffs' allegation that BDO had the requisite scienter. *See Hacker v. Elec. Last Mile Sols. Inc.*, 687 F. Supp. 3d 582, 599 (D.N.J. 2023) ("GAAP violations on even roughly this alleged scale, especially when based on relatively straightforward issues, support a strong inference that the Defendant acted with the sort of recklessness that can amount to scienter"). Thus, the Court denies BDO's Motion with respect to scienter.

## II. Reliance

Defendant likewise contends that the Court has not yet addressed its reliance argument. D.I. 89 at 3. Plaintiffs contend that the Court should decline to "re-examine this issue." D.I. 89 at 2. However, as Defendant observes (D.I. 89 at 3), neither the Court's Memorandum Opinion nor

---

[1] The Court describes these allegations in greater detail in its previous Memorandum Opinion.

3

Judge Hatcher's Report and Recommendation addressed reliance. Therefore, the Court addresses reliance now.

In the Amended Complaint, Plaintiffs appear to allege three types of reliance: (1) actual reliance, (2) presumption of reliance under *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), and (3) presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). *See* D.I. 23 ¶¶ 3, 38, 140-42, 148-50. In its Motion, BDO challenges all three types of reliance. However, BDO's challenge to the presumption of reliance under *Affilated Ute Citizens* appears in a mere one-sentence footnote (D.I. 39 at 18 n.7) and "[a]rguments in footnotes are forfeited." *Novartis Pharms. Corp. v. MSN Pharms. Inc.*, No. 20-md-2930-RGA, 2024 U.S. Dist. LEXIS 204351, at *11 (D. Del. Nov. 8, 2024) (citing *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023)); *see also ECB USA, Inc. v. Savencia, S.A.*, No. CV 19-731-RGA, 2020 WL 5369076, at *4 (D. Del. Sept. 8, 2020) (holding that "cursory arguments not fully developed by the parties are waived"). Moreover, the Court is skeptical that Defendant is correct in contending (D.I. 39 at 18 n.7) that Plaintiffs did not allege any material omission by BDO. *Cf.* D.I. 23 ¶ 116 ("Further, the statement *omitted* material facts contradicting BDO's 'clean' audit opinion, including the fact that the 2020 Equity Transactions involved sales at prices materially below fair market value that were not accounted for on ELM's financial statements." (emphasis added)).

Since Defendants fail to carry their burden on demonstrating that Plaintiffs fail to allege reliance, at least with respect to the presumption of reliance under *Affiliated Ute Citizens*, the Court denies BDO's Motion with respect to reliance. *See Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024) (confirming that

the "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted").

### III. CONCLUSION

For all of the foregoing reasons, the Court denies BDO's Motion to Dismiss Amended Class Action Complaint (D.I. 38).

\* \* \*

WHEREFORE, at Wilmington this 22nd day of January 2026, **IT IS HEREBY ORDERED** that BDO USA, LLP's Motion to Dismiss Amended Class Action Complaint (D.I. 38) is **DENIED**. BDO USA, LLP shall file its Answer to the Amended Complaint by no later than ten (10) days from the entry of this Memorandum Order.

_____<br>
GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE