## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHMUEL LEVY, Individually and on )
Behalf of All Others Similarly Situated, )
                                 )
                 Plaintiff, )
                                 )   C.A. No. 23-cv-653 (GBW-LDH)
       vs. )
                                   )   <u>CLASS ACTION</u>
JASON LUO, JAMES TAYLOR, ALBERT )
LI, MARSHALL KIEV, DAVID BORIS, )
and BDO USA, LLP, )
                                 )
                 Defendants. )
                                 )

### BDO USA, P.C.'S[1] ANSWER TO PLAINTIFFS' <u>AMENDED CLASS ACTION COMPLAINT</u>

Defendant BDO USA, P.C. ("BDO"), by and through its undersigned attorneys, hereby submits its Answer to Plaintiffs' Amended Class Action Complaint (D.I. 23) (the "Amended Complaint") in this action and states as follows:

BDO states that the headings and sub-headings in the Amended Complaint, and the unnumbered introductory paragraph, do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is deemed to be required, BDO denies those allegations. With respect to any paragraph in the Amended Complaint containing a footnote, BDO's answer to that paragraph also constitutes its answer to the accompanying footnote. Except as expressly admitted, BDO denies each and every allegation in the Amended Complaint.

1.       The allegations in paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is required, BDO denies such allegations, except admits that Forum Merger III Corporation ("FIII") conducted a private investment in public equity ("PIPE")

---

[1] BDO changed its legal structure to a professional corporation, and its name to BDO USA, P.C.

offering and that Electric Last Mile, Inc. ("ELM") merged with FIII on June 25, 2021, forming Electric Last Mile Solutions, Inc. ("ELMS"). BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

2.      BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 2 and denies them on that basis. BDO respectfully refers the Court to the Offering Memorandum and the definitive Merger agreement for their accurate and complete contents and denies any allegations inconsistent with their terms.

3.      The allegations in paragraph 3 purport to characterize the Offering Memorandum, joint press releases issued by ELM and FIII regarding the Merger, and the Proxy, and BDO respectfully refers the Court to those documents for their accurate and complete contents and denies any allegations inconsistent with their terms.

4.      BDO denies the allegations in the first sentence of paragraph 4. To the extent the allegations in paragraph 4 purport to characterize Generally Accepted Accounting Principles ("GAAP"), BDO respectfully refers the Court to GAAP for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO admits that on November 19, 2020, ELM issued 99,000 shares of ELM common stock to certain entities, including those affiliated with Defendants Luo and Taylor, for $10 per share, avers that these circumstances were disclosed in the proxy filings, and denies that these circumstances were unknown to Plaintiffs and the markets. BDO denies the remaining allegations in paragraph 4.

5.      BDO admits that on November 19, 2020, ELM issued 99,000 shares of ELM common stock to certain entities, including those affiliated with Defendants Luo and Taylor. BDO admits that Defendant Luo served as Chairman of ELM's Board of Directors and Defendant Taylor served as ELM's CEO. BDO denies the remaining allegations in paragraph 5.

6.      BDO denies the allegations in the first sentence of paragraph 6. The remaining allegations in paragraph 6 purport to characterize the Proxy and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 6.

7.      BDO denies the allegations in the first sentence of paragraph 7.  The remaining allegations in paragraph 7 purport to characterize the Proxy and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 7.

8.      BDO denies the allegations in paragraph 8 and respectfully refers the Court to ELMS's statement referenced therein for its accurate and complete contents and denies any allegations inconsistent with its terms.

9.      The allegations in paragraph 9 purport to characterize the February 1, 2022 disclosure made by ELMS, and BDO respectfully refers the Court to ELMS's statement referenced therein for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 9.

10.      The allegations in paragraph 10 purport to characterize the February 1, 2022 disclosure made by ELMS, and BDO respectfully refers the Court to ELMS's statement referenced therein for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 10.

11.      BDO denies the allegations in paragraph 11, except admits that ELMS's share price fell on February 2, 2022 (and that it moved on a daily basis). BDO respectfully refers the Court to public records on any changes to ELMS's stock price on February 2, 2022, and denies any allegations inconsistent with that information. The allegations in paragraph 11 also purport to

3

characterize a statement from an unidentified analyst, and BDO respectfully refers the Court to the analyst's statement referenced therein for its accurate and complete contents and denies any allegations inconsistent with its terms.

12. The allegations in paragraph 12 purport to characterize the Form 8-K filed by ELMS with the SEC on February 14, 2022 and the two letters filed by ELMS with the SEC on Form 8-K, and BDO respectfully refers the Court to the Form 8-K and the two letters for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 12.

13. The allegations in the first sentence of paragraph 13 purport to characterize a March 11, 2022 announcement by ELMS, and BDO respectfully refers the Court to that announcement for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO respectfully refers the Court to public records on any changes to ELMS's stock price, and denies any allegations inconsistent with that information. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 13, and denies them on that basis.

14. The allegations in paragraph 14 purport to characterize a disclosure made by ELMS on or about June 13, 2022, and BDO respectfully refers the Court to ELMS's statement for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 14, and denies them on that basis.

15. The allegations in paragraph 15 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining

allegations in paragraph 15. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

16.    Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is required, BDO denies the allegations in paragraph 16.

17.    Paragraph 17 consists of legal conclusions to which no response is required. To the extent a response is required, BDO admits the allegations in paragraph 17.

18.    Paragraph 18 consists of legal conclusions to which no response is required. To the extent a response is required, BDO denies the allegations, except admits that venue is proper.

19.    BDO denies the allegations in paragraph 19.

20.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 20, and denies them on that basis, except admits that FIII merged with ELM on June 25, 2021, forming ELMS, and ELMS's stock traded on NASDAQ under the ticker symbol "ELMS."

21.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 21, and denies them on that basis.

22.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 22, and denies them on that basis, except admits that Defendant Jason Luo served as Chairman of ELMS's and ELM's Board of Directors.

23.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 23, and denies them on that basis, except admits that Defendant James Taylor served as ELMS's CEO and was a member of ELMS's Board of Directors following the Merger and served as ELM's CEO prior to the Merger.

24.    BDO lacks knowledge or information on which to form a belief as to the truth of

the allegations in paragraph 24, and denies them on that basis, except admits that Defendant Albert Li served as CFO and Treasurer at ELM and, after the Merger, served as ELMS' CFO and Treasurer.

25.     BDO, which did not serve as FIII's auditor, lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 25, and denies them on that basis.

26.     BDO, which did not serve as FIII's auditor, lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 26, and denies them on that basis, except admits that Defendant David Boris was a member of ELMS's Board of Directors after the Merger.

27.     Responding to the allegations in paragraph 27, BDO admits that the Amended Complaint collectively refers to Luo, Taylor, Li, Kiev, and Boris as the "Individual Defendants."

28.     Responding to the allegations in paragraph 28, BDO admits that it is a professional services firm that provides auditing, tax, and consulting services. BDO admits that it was engaged by ELM to audit ELM's financial statements for the period from August 20, 2020 (inception) to December 31, 2020, avers that based on its audit BDO issued a report that contained its opinion as well as a paragraph regarding "Going Concern Uncertainty" stating that there was "substantial doubt" about ELM's ability to continue as a going concern, and refers the Court to the report for its accurate and complete contents.

29.     Responding to the allegations in paragraph 29, BDO admits that the Amended Complaint collectively refers to Individual Defendants and BDO collectively as "Defendants."

30.     BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 30, and denies them on that basis, except admits that FIII was a special

6

purpose acquisition company and became publicly-traded in August 2020.

31.    Responding to the allegations in paragraph 31, BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 31, and denies them on that basis, except admits that FIII was a special purpose acquisition company and that a merger between a SPAC and a privately-held company is commonly referred to as a de-SPAC transaction.

32.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 32, and denies them on that basis, except admits that ELM was formed by Defendant Luo to manufacture electric vans and utility vehicles used to make "last mile" deliveries.

33.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 33, and denies them on that basis, except admits that FIII executed a letter of intent to merge with ELM, dated September 18, 2020, and that as of September 18, 2020, Defendant Luo owned 100% of ELM through an entity known as AJ Capital, Inc.

34.    BDO admits that FIII and ELM executed a merger agreement on or about December 10, 2020. BDO respectfully refers the Court to the merger agreement for its accurate and complete contents and denies any allegations inconsistent with its terms.

35.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 35, and denies them on that basis. BDO respectfully refers the Court to the December 11, 2020 SEC filing by FIII on Form 8-K and the Offering Memorandum for their accurate and complete contents and denies any allegations inconsistent with their terms.

36.    The allegations in paragraph 36 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete

contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 36.

37. The allegations in paragraph 37 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 37.

38. The allegations in paragraph 38 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 38.

39. The allegations in paragraph 39 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 39.

40. The allegations in paragraph 40 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 40.

41. The allegations in paragraph 41 consist of legal conclusions to which no response is required. To the extent a response is required, BDO denies the allegations in paragraph 41. BDO respectfully refers the Court to the Offering Memorandum, ELMS's SEC filing on Form F-1 on July 23, 2021, ELMS's SEC filing on Form F-1/A on July 30, 2021, and SEC Rule 144 for their accurate and complete contents and denies any allegations inconsistent with their terms.

42.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 42, and denies them on that basis, except admits that FIII and ELM executed a merger agreement on or about December 10, 2020. BDO respectfully refers the Court to FIII's December 11, 2020 announcement and the merger agreement for their accurate and complete contents and denies any allegations inconsistent with their terms.

43.    The allegations in paragraph 43 purport to characterize the Proxy, and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 43, and denies them on that basis.

44.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 44, and denies them on that basis, except admits that the Merger closed on June 25, 2021.

45.    BDO admits the allegations in paragraph 45.

46.    BDO denies the allegations in paragraph 46.

47.    BDO admits that FIII executed a letter of intent to merge with ELM, dated September 18, 2020. The remaining allegations in paragraph 47 purport to characterize the letter of intent FIII's December 11, 2020 announcement, and the merger agreement, and BDO respectfully refers the Court to those documents for their accurate and complete contents and denies any allegations inconsistent with their terms.

48.    BDO admits that on November 19, 2020, ELM issued 99,000 shares of ELM common stock to certain entities, including those affiliated with Defendants Luo and Taylor, for $10 per share. The allegations in paragraph 48 also purport to characterize certain academic research, and BDO respectfully refers the Court to that academic research for their accurate and

complete contents and denies any allegations inconsistent with their terms. Allegations in paragraph 48 also consist of legal conclusions to which no response is required. To the extent a response is required, BDO denies those allegations in paragraph 48. BDO denies the remaining allegations in paragraph 48. BDO specifically denies that the most reasonable estimate of the fair value of each ELM share issued was $8,211.70.

49.     BDO admits that on November 19, 2020, ELM issued 99,000 shares of ELM common stock to certain entities, including those affiliated with Defendants Luo and Taylor. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 49, and denies them on that basis.

50.     BDO admits that on December 8, 2020, an entity affiliated with Defendant Luo sold 1,000 shares of ELM common stock at $10 per share. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 50, and denies them on that basis. BDO denies the remaining allegations in paragraph 50. BDO specifically denies that the fair value of each of the shares was $8,211.70.

51.     BDO denies the allegations in paragraph 51.

52.     The allegations in paragraph 52 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 52.

53.     The allegations in paragraph 53 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 53.

54.     The allegations in paragraph 54 consist of legal conclusions to which no response is required. To the extent a response is required, BDO denies such allegations.

55.     BDO denies the allegations in paragraph 55. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

56.     BDO denies the allegations in paragraph 56. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

57.     The allegations in paragraph 57 purport to characterize the Proxy, and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 57.

58.     The allegations in paragraph 58 purport to characterize the Proxy, and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 58.

59.     BDO denies the allegations in paragraph 59. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

60.     BDO denies the allegations in paragraph 60. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. To the extent the allegations in paragraph 60 purport to characterize GAAP, BDO respectfully refers the Court to GAAP for its accurate and complete contents and denies any allegations inconsistent with its terms.

61.     BDO denies the allegations in paragraph 61. BDO respectfully refers the Court to

11

the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

62.     BDO denies the allegations in paragraph 62. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

63.     BDO denies the allegations in paragraph 63. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

64.     BDO denies the allegations in paragraph 64. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

65.     BDO denies the allegations in paragraph 65. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

66.     The allegations in paragraph 66 purport to characterize the Proxy and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 64.

67.     BDO denies the allegations in paragraph 67. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

68.     BDO denies the allegations in paragraph 68. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

69.     BDO denies the allegations in paragraph 69. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

70.     BDO denies the allegations in paragraph 70. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

71.     BDO denies the allegations in paragraph 71. BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms.

72.     The allegations in paragraph 72 purport to characterize a December 11, 2020 press release issued by ELM and FIII, a December 11, 2020 Form 8-K filed by FIII with the SEC, and the Proxy, and BDO respectfully refers the Court to those documents for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 72.

73.     The allegations in paragraph 73 purport to characterize a December 11, 2020 press release issued by ELM and FIII, a December 11, 2020 Form 8-K filed by FIII with the SEC, and the Proxy, and BDO respectfully refers the Court to those documents for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 73..

74.     BDO denies the allegations in paragraph 74.

75.     BDO admits that GAAP constitutes standards recognized by the accounting profession, and denies the remaining allegations in paragraph 75.

76.     BDO admits the allegations in paragraph 76.

13

77.     The allegations in paragraph 77 purport to characterize ASC 718, and BDO respectfully refers the Court to ASC 718 for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 77.

78.     The allegations in paragraph 78 purport to characterize ASC 718, and BDO respectfully refers the Court to ASC 718 for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 78.

79.     The allegations in the first sentence of paragraph 79 purport to characterize ASC 718, and BDO respectfully refers the Court to ASC 718 for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 79.

80.     The allegations in paragraph 80 purport to characterize ASC 850, and BDO respectfully refers the Court to ASC 850 for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 80.

81.     The allegations in the first sentence of paragraph 81 purport to characterize the Proxy, and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 81.

82.     The allegations in the first sentence of paragraph 82 purport to characterize the Proxy, and BDO respectfully refers the Court to the Proxy for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 82.

83.     The allegations in paragraph 83 purport to characterize Regulation S-X, 17 C.F.R. § 210.4-01(a)(1), and BDO respectfully refers the Court to that regulation for its accurate and

complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 83.

84. The allegations in paragraph 84 purport to characterize Regulation S-X, 17 C.F.R. § 210.4-01(a)(1), and the Proxy, and BDO respectfully refers the Court to that regulation and the Proxy for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 84.

85. The allegations in the first sentence of paragraph 85 purport to characterize Regulation S-X Rule 11-01(a), and BDO respectfully refers the Court to that regulation for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 85.

86. The allegations in the first sentence of paragraph 86 purport to characterize Regulation S-K, 17 C.F.R. §229.404, and BDO respectfully refers the Court to that regulation for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 86.

87. The allegations in the first two sentences of paragraph 87 purport to characterize Regulation S-K, 17 C.F.R. §229.303, and BDO respectfully refers the Court to that regulation for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 87.

88. The allegations in the first sentence of paragraph 88 purport to characterize Regulation S-K, 17 C.F.R. §229.402, and BDO respectfully refers the Court to that regulation for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 88.

89. The allegations in paragraph 89 purport to characterize a Form 8-K filed by ELMS

15

with the SEC on February 1, 2022, and BDO respectfully refers the Court to that filing for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO lacks knowledge or information of an investigation by a special committee of the ELMS Board and denies those allegations on that basis. BDO denies the remaining allegations in paragraph 89. BDO specifically denies any "truth began to be revealed" in the referenced filing.

90.     The allegations in paragraph 90 purport to characterize the Form 8-K that ELMS filed on February 1, 2022, and BDO respectfully refers the Court to the Form 8-K for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO lacks knowledge or information of an investigation by a special committee of the ELMS Board and denies those allegations on that basis. BDO denies the remaining allegations in paragraph 90.

91.     BDO denies the allegations in paragraph 91, except admits that ELMS' share price fell on February 2, 2022 (and that it moved on a daily basis). BDO respectfully refers the Court to public records on any changes to ELMS's stock price on February 2, 2022, and denies any allegations inconsistent with that information.

92.     The allegations in paragraph 92 purport to characterize certain analyst reports, and BDO respectfully refers the Court to those analyst reports for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 92 and denies them on that basis.

93.     The allegations in paragraph 93 purport to characterize a certain analyst report, and BDO respectfully refers the Court to that analyst report for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 93 and denies them on

that basis.

94.     The allegations in paragraph 94 purport to characterize two letters filed by ELMS with the SEC on a Form 8-K in February 2022, and BDO respectfully refers the Court to the Form 8-K and the two letters for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 94.

95.     The allegations in paragraph 95 purport to characterize a Form 8-K ELMS filed with the SEC on March 3, 2022 and a letter from BDO, and BDO respectfully refers the Court to the Form 8-K and the referenced letter for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 95.

96.     The allegations in the first sentence of paragraph 96 purports to characterize a March 11, 2022 disclosure by ELMS, and BDO respectfully refers the Court to that disclosure for its accurate and complete contents, and denies any allegations inconsistent with its terms.  With respect to the second sentence of paragraph 96, BDO respectfully refers the Court to public records on any changes to ELMS's stock price, and denies any allegations inconsistent with that information.  BDO denies the remaining allegations in paragraph 96.

97.     The allegations in paragraph 97 purport to characterize a certain analyst report, and BDO respectfully refers the Court to that analyst report for its accurate and complete contents and denies any allegations inconsistent with their terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 97 and denies them on that basis.

98.     The allegations in paragraph 98 purport to characterize a certain analyst report, and BDO respectfully refers the Court to that analyst report for its accurate and complete contents and denies any allegations inconsistent with their terms. BDO lacks knowledge or information on

which to form a belief as to the truth of the remaining allegations in paragraph 98 and denies them on that basis.

99.     The allegations in paragraph 99 purport to characterize an amended current report on Form 8-K filed by ELMS with the SEC on March 15, 2022, and BDO respectfully refers the Court to that Form 8-K for its accurate and complete contents, and denies any allegations inconsistent with its terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 99 and denies them on that basis.

100.    The allegations in paragraph 100 purport to characterize an April 1, 2022 disclosure by ELMS, and BDO respectfully refers the Court to that disclosure for its accurate and complete contents, and denies any allegations inconsistent with its terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 100 and denies them on that basis.

101.    The allegations in paragraph 101 purport to characterize a May 24, 2022 disclosure by ELMS, and BDO respectfully refers the Court to that disclosure for its accurate and complete contents, and denies any allegations inconsistent with its terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 101 and denies them on that basis.

102.    The allegations in paragraph 102 purport to characterize a Form 8-K filed by ELMS with the SEC on May 27, 2022, and BDO respectfully refers the Court to that Form 8-K for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 102 and denies them on that basis.

103.    The allegations in the first sentence of paragraph 103 purport to characterize a June

18

13, 2022 announcement by ELMS, and BDO respectfully refers the Court to that announcement for its accurate and complete contents, and denies any allegations inconsistent with its terms. BDO respectfully refers the Court to public records on ELMS's stock price and denies any allegations inconsistent with that information. BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 103 and denies them on that basis.

104. BDO denies the allegations in paragraph 104.

105. The allegations in paragraph 105 do not require a response from BDO because they are unrelated to Plaintiffs' claim against BDO. To the extent that these allegations relate to Plaintiffs' claim against BDO, BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 105, and denies them on that basis, except admits that because of their positions of control, the Individual Defendants were able to, and did, control the contents of the public documents and statements issued or disseminated in the name of ELM, FIII, and ELMS.

106. The allegations in paragraph 106 do not require a response from BDO because they are unrelated to Plaintiffs' claim against BDO. To the extent that these allegations relate to Plaintiffs' claim against BDO, BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 106, and denies them on that basis.

107. BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 107, and denies them on that basis.

108. BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 108, and denies them on that basis.

109. BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 109, and denies them on that basis.

110.     BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 110, and denies them on that basis.

111.     The allegations in paragraph 111 do not require a response from BDO because they are unrelated to Plaintiffs' claim against BDO. To the extent that these allegations relate to Plaintiffs' claim against BDO, BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 111, and denies them on that basis. BDO respectfully refers the Court to the settlement agreements between ELMS and Defendants Luo and Taylor referred to therein for their accurate and complete contents and denies any allegations inconsistent with their terms.

112.     The allegations in paragraph 112 do not require a response from BDO because they are unrelated to Plaintiffs' claim against BDO. To the extent that these allegations relate to Plaintiffs' claim against BDO, BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 112, and denies them on that basis. BDO respectfully refers the Court to the Proxy and the December 11, 2020 Form 8-K referred to therein for their accurate and complete contents and denies any allegations inconsistent with their terms.

113.     The allegations in paragraph 113 do not require a response from BDO because they are unrelated to Plaintiffs' claim against BDO. To the extent that these allegations relate to Plaintiffs' claim against BDO, BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 113, and denies them on that basis. BDO respectfully refers the Court to the February 1, 2022 Form 8-K referred to therein for its accurate and complete contents and denies any allegations inconsistent with its terms.

114.     BDO denies the allegations in paragraph 114.

115.     The allegations in paragraph 115 do not require a response from BDO because they

are unrelated to Plaintiffs' claim against BDO. To the extent that these allegations relate to Plaintiffs' claim against BDO, BDO denies the allegations in paragraph 115. BDO respectfully refers the Court to ELMS's March 11, 2022 announcement referred to therein for its accurate and complete contents and denies any allegations inconsistent with its terms.

116. BDO denies the allegations in paragraph 116, except admits that it provided an unqualified audit opinion on ELM's financial statements, which included a "going concern" warning, based on its audit, which was conducted in conformity with PCAOB standards and respectfully refers the Court to the audit report for its accurate and complete contents.

117. BDO denies the allegations in paragraph 117, except admits that it conducted its audit of ELM's financial statements in accordance with PCAOB standards.

118. The allegations in paragraph 118 purport to characterize PCAOB Rules 3520 and 3526, and BDO respectfully refers the Court to PCAOB Rules 3520 and 3526 for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 118, except admits that it conducted its audit of ELM's financial statements in accordance with PCAOB standards.

119. BDO respectfully refers the Court to ELMS's statement referenced in paragraph 119 for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO lacks knowledge or information of an investigation by a special committee of the ELMS Board and denies those allegations on that basis. BDO denies the remaining allegations in paragraph 119.

120. Responding to the allegations in paragraph 120, BDO admits that it received a letter from ELMS, dated February 9, 2022. BDO respectfully refers the Court to the letter from ELMS to BDO, dated February 9, 2022, for its accurate and complete contents and denies any allegations

inconsistent with its terms. BDO denies the remaining allegations in paragraph 120.

121.   Responding to the allegations in paragraph 121, BDO admits that it denied ELMS's contention and responded to ELMS in a letter, dated March 1, 2022. The remaining allegations in paragraph 121 purport to characterize that response letter, and BDO respectfully refers the Court to that response letter to ELMS for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 121.

122.   BDO denies the allegations in paragraph 122, except BDO admits that it is an accounting firm that provides assurance, tax, and financial advisory services to clients and that its website shows that BDO has a tax practice. BDO respectfully refers the Court to its website for its accurate and complete contents and denies any allegations inconsistent with its terms.

123.   BDO denies the allegations in paragraph 123, except BDO admits that certain individuals provided tax services to Defendant Luo and his affiliates and that certain individuals became aware that certain entities affiliated with Defendant Luo acquired ELM common stock in the November 2020 Equity Transaction after the transaction occurred. The remaining allegations in paragraph 123 purport to characterize an amended Form 8-K filed by ELMS with the SEC on March 3, 2022, and BDO respectfully refers the Court to that amended Form 8-K for its accurate and complete contents and denies any allegations inconsistent with its terms.

124.   The allegations in paragraph 124 purport to characterize an ELMS statement, and BDO respectfully refers the Court to that statement for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 124.

125.   BDO denies the allegations in paragraph 125.

126.   The allegations in paragraph 126 purport to characterize PCAOB AS 1101.03, AS

1101.04, and AS 1015.07-09, and BDO respectfully refers the Court to those PCAOB audit standards for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 126.

127. The allegations in paragraph 127 purport to characterize PCAOB AS 2110.04, AS 2110.65, and AS 2410.10, and BDO respectfully refers the Court to those PCAOB audit standards for their accurate and complete contents and denies any allegations inconsistent with their terms. BDO denies the remaining allegations in paragraph 127.

128. The allegations in paragraph 128 purport to characterize PCAOB AS 2110.10A, and BDO respectfully refers the Court to PCAOB AS 2110.10A for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 128.

129. Responding to the allegations in paragraph 129, BDO admits that it published a guide titled "BDO Knows: Going Public" and BDO respectfully refers the Court to the published guide titled "BDO Knows: Going Public" for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 129.

130. Responding to the allegations in paragraph 130, BDO admits that it published a guide titled "BDO Knows: Going Public" and BDO respectfully refers the Court to the published guide titled "BDO Knows: Going Public" for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 130.

131. BDO denies the allegations in paragraph 131, except BDO admits that its audit opinion concerning ELM's financial statements is dated May 6, 2021 and, by that time, ELM and FIII had executed the merger agreement.

132. BDO denies the allegations in paragraph 132, except admits that on November 19,

23

2020, ELM issued 99,000 shares of ELM common stock to certain entities, including those affiliated with Defendants Luo and Taylor, for $10 per share. The allegations in paragraph 132 also purport to characterize the cited auditing standards, and BDO respectfully refers the Court to those cited auditing standards for their accurate and complete contents and denies any allegations inconsistent with their terms.

133.   BDO denies the allegations in paragraph 133.

134.   BDO denies the allegations in the first sentence of paragraph 134. The remaining allegations in paragraph 134 purport to characterize the SEC Comment Letter, dated May 20, 2021, and BDO respectfully refers the Court to the SEC Comment Letter for its accurate and complete contents and denies any allegations inconsistent with its terms.

135.   BDO denies the allegations in paragraph 135.

136.   BDO denies the allegations in paragraph 136. The allegations in paragraph 136 also purport to characterize the cited auditing standards, and BDO respectfully refers the Court to those cited auditing standards for their accurate and complete contents and denies any allegations inconsistent with their terms.

137.   The allegations in paragraph 137 consist of legal conclusions to which no response is required. To the extent a response is required, BDO denies such allegations.

138.   BDO denies the allegations in paragraph 138.

139.   BDO denies the allegations in paragraph 139.

140.   The allegations in paragraph 140 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 140.

141.   The allegations in paragraph 141 consist of legal conclusions to which no response is required. To the extent a response is required, BDO denies the allegations in paragraph 141. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

142.   BDO denies the allegations in paragraph 142.

143.   BDO denies the allegations in paragraph 143.

144.   BDO denies the allegations in paragraph 144.

145.   The allegations in paragraph 145 consist of legal conclusions to which no response is required. To the extent a response is required, BDO denies such allegations. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

146.   BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 146, and denies them on that basis. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

147.   BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 147, and denies them on that basis. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification. The remaining allegations in paragraph 147 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms.

148.   The allegations in paragraph 148 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the

remaining allegations in paragraph 148.

149.    The allegations in paragraph 149 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 149.

150.    The allegations in paragraph 150 purport to characterize the Offering Memorandum, and BDO respectfully refers the Court to the Offering Memorandum for its accurate and complete contents and denies any allegations inconsistent with its terms. BDO denies the remaining allegations in paragraph 150.

151.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 151, and denies them on that basis. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

152.    BDO denies that common issues of law and fact predominate and BDO lacks knowledge or information on which to form a belief as to the truth of the remaining allegations in paragraph 152, and denies them on that basis. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

153.    BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 153, and denies them on that basis. BDO specifically denies that class certification is appropriate and reserves the right to oppose any motion for class certification.

154.    Responding to the allegations in paragraph 154, BDO repeats and incorporates its answers to each and every allegation above as if fully set forth herein.

155.    BDO denies the allegations in paragraph 155.

156.    BDO denies the allegations in paragraph 156.

157.    BDO denies the allegations in paragraph 157.

158.    BDO denies the allegations in paragraph 158.

159.    BDO denies the allegations in paragraph 159.

160.    Responding to the allegations in paragraph 160, BDO repeats and incorporates its answers to each and every allegation above as if fully set forth herein.

161.    The allegations in paragraph 161 do not require a response because they are unrelated to Plaintiffs' claim against BDO. To the extent that these allegations relate to Plaintiffs' claim against BDO, BDO lacks knowledge or information on which to form a belief as to the truth of the allegations in paragraph 161, and denies them on that basis.

## PRAYER FOR RELIEF

This section of the Amended Complaint sets forth Plaintiffs' requested relief to which no response is required. To the extent any response is required, BDO denies that Plaintiffs are entitled to any remedy or relief.

## JURY DEMAND

This section of the Amended Complaint sets forth Plaintiffs' demand for a jury trial to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without undertaking any burden of proof not otherwise assigned to it by law or equity, BDO asserts the following separate and affirmative defenses to the purported causes of action alleged against it by Plaintiffs. All such defenses are pled in the alternative, do not constitute an admission of liability, and do not entitle Plaintiffs or the putative class to any relief whatsoever. BDO reserves the right to raise any additional defenses not asserted here of which it may become aware through discovery or other investigation.

**FIRST DEFENSE**
**(Failure to State a Claim)**

Plaintiffs' Amended Complaint, and each purported cause of action set forth therein against BDO, fails to allege facts sufficient to state a claim for relief.

**SECOND DEFENSE**
**(Intervening or Superseding Acts of Third Parties)**

Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom BDO had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

**THIRD DEFENSE**
**(No Scienter)**

Plaintiffs' claim is barred in whole or in part because Plaintiffs cannot show that BDO acted with the required scienter to make an actionable misstatement.

**FOURTH DEFENSE**
**(No Damages)**

Plaintiffs and the putative class are barred from recovery because Plaintiffs cannot show they or members of the putative class are entitled to damages as a result of any acts or omissions by BDO, including that Plaintiffs are unable to show they suffered any economic loss due to any acts or omissions by BDO.

**FIFTH DEFENSE**
**(Lack of Justifiable Reliance)**

Plaintiffs' claim is barred in whole or in part because Plaintiffs did not purchase or sell any securities in reasonable or justifiable reliance on any representation, act, or omission by BDO.

28

## SIXTH DEFENSE
### (No Presumption of Reliance)

This action is barred, in whole or in part, because the fraud on the market theory is not a basis of liability with respect to the claim against BDO in the Amended Complaint.

## SEVENTH DEFENSE
### (No Misstatement of Fact)

Plaintiffs' claim is barred in whole or in part because Plaintiffs cannot show that BDO made an actionable misstatement of fact, including in BDO's audit opinion.

## EIGHTH DEFENSE
### (Materiality)

BDO is not liable to Plaintiffs because any purported misrepresentations or omissions for which BDO is allegedly responsible were not material.

## NINTH DEFENSE
### (No Loss Causation)

Plaintiffs' claim is barred in whole or in part because Plaintiffs cannot show any causal connection between any alleged material misrepresentation made by BDO and any alleged loss suffered by Plaintiffs.

## TENTH DEFENSE
### (Lack of Impact on Market Price)

Plaintiffs' claim is barred, in whole or in part, because the purported misstatements or omissions stated in the Amended Complaint that are attributed to BDO did not affect the market price of ELMS securities.

## ELEVENTH DEFENSE
### (Good Faith)

Plaintiffs' claim is barred, in whole or in part, because BDO acted in good faith, without any fraudulent intent, and in reasonable and justifiable reliance upon information provided to it by others, including ELMS management.

29

**TWELFTH DEFENSE**
**(Justifiable Reliance on Information Provided by Others)**

Plaintiffs' claim is barred, in whole or in part, because BDO reasonably and justifiably relied on the advice or information provided by others, including ELM and ELMS management and their advisors.

**THIRTEENTH DEFENSE**
**(Class Certification is Not Appropriate)**

Plaintiffs' claim is barred because this action may not be properly maintained as a class action.

**FOURTEENTH DEFENSE**
**(Proportionate Liability)**

To the extent that Plaintiffs and/or any members of the class that Plaintiffs purport to represent sustained any damages, loss or injury, any damages award against BDO should be reduced, diminished, and/or eliminated under the proportionate liability provisions of Section 21D(f)(2)(B) and 21D(f)(3) of the Securities Exchange Act of 1934 to reflect only BDO's percentage of responsibility.

**FIFTEENTH DEFENSE**
**(BDO Complied with All Auditing Standards)**

Plaintiffs' claim is barred because BDO acted at all times and in all respects in compliance with all applicable auditing standards.

**SIXTEENTH DEFENSE**
**(Statute of Limitations)**

Plaintiffs' claim is barred, in whole or in part, by the applicable statute of limitations.

30

**WHEREFORE,** BDO seeks judgment:

A.  Dismissing the claim against it;

B.  Awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

C.  Granting such other and further relief as this Court may deem just and proper.

**MCDERMOTT, WILL & SCHULTE LLP**

OF COUNSEL:

Gregory G. Ballard (*pro hac vice*)
**DECHERT LLP**
1095 Sixth Avenue
New York, NY 10036
Tel: (212) 698-3500
greg.ballard@dechert.com

Dated: February 2, 2026

*/s/ Ethan H. Townsend*
Ethan H. Townsend (#5813)
Daniel T. Menken (#6309)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3900
ehtownsend@mwe.com
dmenken@mwe.com

*Attorneys for Defendant BDO USA, P.C.*